828 F.2d 17
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Paul SPRINKLE, Petitioner-Appellant,
v.
WARDEN, MARYLAND HOUSE OF CORRECTION, Respondent-Appellee.
 No. 87-7506
 United States Court of Appeals, Fourth Circuit.
 Argued June 3, 1987.
Decided August 21, 1987.
 
 Mark Lawrence Gitomer (Cardin & Gitomer, P.A., on brief), for appellant.
 Jillyn Kaberle Schulze, Assistant Attorney General (J. Joseph Curran, Jr., Attorney General, Valerie Cloutier, Assistant Attorney General Deputy, Criminal Appeals, on brief), for appellee.
 Before SPROUSE and WILKINS, Circuit Judges, and MacKENZIE, Senior United States District Judge for the Eastern District of Virginia, Sitting by Designation.
 PER CURIAM:
 
 
 1
 Petitioner Paul Sprinkle was convicted by a jury in the Baltimore City Criminal Court of various violations of the Maryland narcotics laws. The state courts denied Sprinkle's petitions for post-conviction relief and leave to appeal. Subsequently, Sprinkle filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. He alleged therein that he was denied his Fourteenth Amendment right to due process when trial counsel waived his presence at bench conferences during jury voir dire. The district court denied his habeas corpus petition, and Sprinkle took this appeal. We affirm.
 
 I.
 
 2
 Appellant Sprinkle and a co-defendant were charged with various violations of Maryland narcotics laws. They elected to be tried by a jury.
 
 
 3
 At the time of trial, the court held an in-chambers discussion relating to peremptory strikes. A bench conference was then called in the courtroom in order to place this discussion on the record. Counsel and the defendants approached the bench, but counsel for appellant stated with regard to defendants, 'No, they can stay back there.' The defendants then returned to their seats at the trial table. At the bench, counsel for appellant affirmed that appellant had returned to his seat at counsel's suggestion.
 
 
 4
 Following the bench conference, voir dire commenced. In open court and in the presence of the defendants, the judge explained to the panel of prospective jurors how they should respond to his questions:
 
 
 5
 Rather than answer the Court's question in open court, if the answer is in the affirmative, will you please just stand; then you will be called up to the bench, and you will give your answer up here at the bench and in the presence of counsel and in the presence of the defendants if they choose to be present during that time. (emphasis added).
 
 
 6
 Accordingly, the judge posed voir dire questions to the entire panel, and panel members with affirmative responses were asked to approach the bench individually for further questioning. The first time this occurred, the court asked whether the defendants wished to be present; counsel for appellant responded, 'They do not wish to be present.' At the conclusion of voir dire, counsel for appellant reiterated that he had waived appellant's presence at the bench conferences.
 
 
 7
 Appellant was subsequently convicted and sentenced to a ten-year term of incarceration. In due course, the state courts denied his petitions both for leave to appeal and for post-conviction relief.
 
 
 8
 Among the issues raised by appellant after his conviction was the claim that he was denied the right to be present at the voir dire bench conferences. At the state post-conviction hearing, appellant testified on direct examination that, had he been aware of the right to be present, he would have personally exercised it. Appellant also testified, however, that he saw his attorney approach the bench yet did not make his desire to be present known, his attorney having told him to 'sit tight.' Although he conferred frequently with his attorney over the course of the trial, he never complained to his attorney about his absence from the bench conferences. Appellant further acknowledged in his testimony that he did not think anything was wrong with his jury, that he was not qualified to help his attorney pick a jury, and that he had relied entirely on his attorney to pick the jury.
 
 
 9
 The state courts found that appellant had waived his right to be present at the voir dire bench conferences. Initially, the hearing court found that appellant did not wish to be present at the bench conferences, and that, on the record and through his attorney, he had expressly and affirmatively waived his right to be present. The state appellate court agreed, finding that appellant knew that the bench conference was about to take place, knew that he was entitled to attend it, and personally waived his right to be present by acquiescing in counsel's announcement that appellant's presence was waived.
 
 
 10
 Appellant subsequently petitioned for a writ of habeas corpus in the United States district court. Because the bench-conference issue had been included in appellant's post-conviction petition and application for leave to appeal, the district judge found that appellant had exhausted his available state remedies. The district judge denied appellant's petition.
 
 II.
 
 11
 Appellant was present during general voir dire. He argues, however, that his absence from individual voir dire at the bench constituted a violation of his constitutional right to due process.
 
 
 12
 The constitutional right of a defendant to be present at trial is rooted in the confrontation clause of the Sixth Amendment, but that right is also protected by the due process clause in situations like the present one where the defendant is not actually confronting witnesses or evidence against him. United States v. Gagnon, 470 U.S. 522, 526 (1985). This due process protection, however, extends only to situations where the defendant's 'presence has a relation, reasonably substantial, to the fulness of his opportunity to defend against the charge. . . . [T]he presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only.' Id. at 526 (quoting Snyder v. Massachusetts, 291 U.S. 97 (1934)). Whether due process has been offended by the defendant's absence must be considered in light of the entire record. Id. at 526-27.
 
 
 13
 In United States v. Gagnon, 470 U.S. at 522, the Supreme Court considered an in camera conference involving the judge, a juror, and defendant's attorney which the defendant himself did not attend. The Court held that the presence of defendant and counsel at the conference was not required to ensure fundamental fairness or a reasonably substantial opportunity to defend against the charge. Id. at 527. Further, the Court noted that 'the conference was not the sort of event which every defendant had a right personally to attend under the Fifth Amendment. Respondents could have done nothing had they been at the conference, nor would they have gained anything by attending.' Id. at 527.
 
 
 14
 Likewise, in the present case, appellant's absence from individual voir dire did not violate his due process rights. His counsel was present at all times. There is no allegation that appellant's absence hindered his ability to defend himself or resulted in selection of a jury that prejudiced his case. Appellant himself acknowledged that he was not qualified to help select jurors, and his attorney obviously believed that appellant's presence at the bench would not advance the selection process. Appellant was informed in open court of his right to attend and was offered the opportunity, but he failed to assert this right, relying instead on his attorney to act on his behalf. Indeed, appellant's attorney was present at all bench questioning, and there is no contention that his representation was deficient in this regard. It appears that voir dire proceeded in a fair and just manner. Thus, appellant has failed to show that his presence at voir dire bench conferences had any substantial relationship to his opportunity to defend against the charges, or that his trial was not fundamentally fair because of his absence.
 
 
 15
 Accordingly, the district court's denial of appellant's petition for a writ of habeas corpus was correct and will be affirmed.
 
 
 16
 AFFIRMED.