836 F.2d 545
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Gold Leroy BASS, Jr., Petitioner-Appellant,
v.
WARDEN, MARYLAND HOUSE OF CORRECTION, Respondent-Appellee.
 No. 87-7163.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 28, 1987.
Decided Dec. 22, 1987.
 
 Gold Leroy Bass, Jr., appellant pro se.
 Jillyn Kaberle Schulze, Office of the Attorney General of Maryland, for appellee.
 Before ERVIN and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Gold Leroy Bass seeks to appeal the district court's denial of habeas relief. 28 U.S.C. Sec. 2254. Bass alleged that his constitutional rights were violated due to his absence from bench conferences held during jury voir dire. The district court found no violation of Bass's constitutional rights and found, alternatively, that any error made by the trial court in not inviting Bass's presence at the bench conferences was harmless. Finding no cause to conclude that the district court erred in denying habeas relief, we deny a certificate of probable cause to appeal and dismiss the appeal.
 
 
 2
 The due process clause protects a defendant's right to be present during trial when his "presence has a relation, reasonably substantial, to the fulness of his opportunity to defend against the charge .... [T]he presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only." United States v. Gaqnon, 470 U.S. 522, 526-27 (1985) (quoting Snyder v. Massachusetts, 291 U.S. 97, 105-06, 107-08 (1934)).
 
 
 3
 The district court correctly held here that Bass's absence from the bench conferences did not deny him a fair trial or a full opportunity to defend against the charges. Bass was present for the general voir dire. He was absent, however, from bench conferences during which the court granted the prosecutor's motion to strike for cause a juror who had grown up in Bass's neighborhood and known him for a long time, granted a defense motion to strike for cause a juror who knew a prosecution witness and whose husband had been with the police force for 13 years, and questioned five jurors regarding potential bias because they or members of their families had previously been convicted of crime or been victims of crime. Three of these five jurors were struck for cause and the remaining two served on Bass's jury.
 
 
 4
 Bass contends that if he had been present at these bench conferences he could have clarified that he did not have a close relationship with the juror whom the prosecutor moved to strike for cause in that, although they grew up in the same neighborhood, they were not friends. He also would have had an opportunity to observe and hear the jurors as they answered individual questions.
 
 
 5
 It is clear from the transcript, however, that the judge granted the prosecutor's motion to strike simply because the juror grew up in Bass's neighborhood and had known him for a long period of time, not because he believed they were friends. Moreover, Bass had an opportunity to observe the jurors during general voir dire and could have consulted with counsel regarding events which occurred at the bench. Counsel was present throughout and participated in the bench conferences, successfully striking one juror for cause, and there is no allegation that his representation at the bench conferences was ineffective. Neither Bass nor his attorney sought Bass's presence at the bench conferences. The record reflects that voir dire proceeded in a fair and just manner and offers no suggestion that Bass's absence from the bench conferences bore any substantial relationship to his opportunity to defend. We therefore agree with the district court that Bass's absence from the bench conferences did not deny him a fair trial or a full opportunity to defend against the charges.
 
 
 6
 We also agree with the district court's alternative conclusion that any error was harmless beyond a reasonable doubt. "The final decision whether the alleged constitutional error was harmless is one of federal law." Rushen v. Spain, 464 U.S. 114, 120 (1983), and federal rather than state standards apply. The record in this case reveals no basis for concluding that Bass's absence from the bench conferences prejudiced him in any fashion.
 
 
 7
 We accordingly deny a certificate of probable cause and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately developed in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 DISMISSED.