900 F.2d 260
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
Abdul Harkin HUSSIN, Defendant-Appellee.
 No. 89-2243.
 United States Court of Appeals, Sixth Circuit.
 April 17, 1990.
 
 Before KRUPANSKY and MILBURN, Circuit Judges, and WILLIAM K. THOMAS, Senior District Judge*.
 PER CURIAM.
 
 
 1
 Defendant-appellant Abdul Harkim Hussin appeals his conviction for being a felon in possession of a firearm in contravention of 18 U.S.C. Secs. 922(g)(1) and 924(a)(1)(B).[1]
 
 
 2
 As appellant and his cohort fled on foot from pursuing Officer Randall Coleman of the Detroit Police Department, appellant discarded his revolver, a .357 magnum, into a trash bin. Officer Coleman retrieved the firearm, and subsequently discovered evidence linking appellant to the gun. Appellant was arrested on January 17, 1988. In addition to possessing the revolver, the indictment also charged him with a previous 1980 state court conviction for breaking and entering, a felony punishable by more than one year in prison.
 
 
 3
 Hussin's trial was scheduled to commence on Wednesday, July 5. Officer Coleman, whose testimony was essential to the government's case was on vacation with his family from July 4 through July 9, and thus would not have been available until his return.
 
 
 4
 On June 30 the prosecution filed a motion to adjourn the trial from July 5 until the following Monday, July 10, when Officer Coleman would be available. On July 5 when the parties appeared for trial, the Assistant United States Attorney renewed the government's pending motion of June 30 and after the court again expressed its displeasure, the prosecution proposed to begin the trial as scheduled on July 5, and exhaust all the available witnesses and thereafter adjourn until Monday, July 10. The court insisted upon discussing the unavailability of Coleman with the United States Attorney. Appellant's counsel did not object to the proposed meeting between the United States Attorney and the Judge.
 
 
 5
 Before the commencement of the jury voir dire the court conferred ex parte with Assistant United States Attorney Shallal, Ms. Shallal's immediate supervisor Bob Donaldson, and Ross Parker, chief of the United States Attorneys Office's Criminal Division. Upon returning to the bench the court heard objections to the prosecution's motion to adjourn. The court thereupon proceeded to empanel a jury, take testimony on Wednesday and Thursday and then adjourned until Monday. Defense counsel opposed this procedure "because I think that once jeopardy attaches, my client has the right to proceed in a timely fashion and complete his testimony." It should be noted that at the time of the ex parte discussion the jury had not been selected or sworn and defendant had not been placed in jeopardy.
 
 
 6
 On Thursday, July 6, defense counsel renewed his objection, stating that "while it [the meeting] may not have touched upon the guilt or innocence of Mr. Hussin, and I never claimed that it did, your Honor, it did touch on the question of adjournment," which in his opinion created "an appearance of impropriety" at a critical stage of the proceedings. The court explained that:
 
 
 7
 At that meeting I discussed nothing of the merits of the case. I discussed nothing about the case except to find out why and to direct them to find out why an Assistant United States Attorney would let a witness who was an essential witness just take off and, in effect, thumb his nose at this Court when she had been informed that the case was going to go to trial yesterday. I was very disturbed at that time, I still am disturbed about the actions of [witness] Mr. Coleman, and I am disturbed about the actions of the United States Attorney in letting him go. So I talked to the supervisors and that was all that we talked about. It had nothing to do with the merits of this case. It had nothing to do with anything in this case except the absence of this witness. Although it probably would have been wiser to invite you in for that discussion, I don't think it is the type of an ex parte communication that is forbidden by the Rules because it was not an ex parte communication on any of the merits of this lawsuit.
 
 
 8
 On Monday, July 10, Officer Coleman, having returned from his holiday, testified against appellant and the prosecution rested. After presentation of appellant's case, the jury returned a verdict of guilty. Appellant was later sentenced to 14 months incarceration to be followed by a two-year period of supervised release. This timely appeal followed.
 
 
 9
 The United States Supreme Court has held that
 
 
 10
 a defendant has a due process right to be present at a proceeding "whenever his presence has a relation, reasonably substantial, to the fulness of his opportunity to defend against the charge.... [T]he presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only."
 
 
 11
 United States v. Gagnon, 470 U.S. 522, 526, 104 S.Ct. 1482, 1484 (1985) (per curiam) (emphasis added) (quoting Snyder v. Massachusetts, 291 U.S. 97, 54 S.Ct. 330, 332-33 (1934)).
 
 
 12
 Because the ex parte meeting between the judge and the personnel of the prosecutor's office occurred prior to the defendant being placed in jeopardy, because the motion involved only the conduct of the Assistant United States Attorney in failing to ensure the presence of a witness, and because the recessing of a trial for one day in no way prejudiced the defendant, this court concludes that the ex parte meeting did not have a reasonably substantial relation "to the fulness of his opportunity to defendant against the charge." Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Hon. William K. Thomas, Senior District Judge of the United States District Court for the Northern District of Ohio, sitting by designation
 
 
 [1]
 Section 922(g)(1) makes it unlawful for a convicted felon to be in the possession of a firearm that has been transported in interstate commerce. Section 924(a)(1)(B) provides up to five years' incarceration or up to a $5,000 fine for violations of section 922(g)(1)