[No. 17587-1-III. Division Three. January 13, 2000.]

THE STATE OF WASHINGTON, *Respondent*, v. MARK JAMIE
BREMER, *Appellant*.

*Mark Bremer*, pro se.

*Suzanne L. Elliott*, for appellant.

*Jeffrey C. Sullivan, Prosecuting Attorney*, and *Lauri M. Boyd, Deputy*, for respondent.

SCHULTHEIS, J. — Mark Bremer appeals his jury conviction for attempted residential burglary contending he was denied his constitutional right to be present at every stage of proceedings against him. Because he was not present at an in-chambers meeting during which proposed jury instructions were discussed he asks this court to reverse his conviction. Pro se, Mr. Bremer asserts he was denied effective assistance of counsel at trial. We affirm.

In February 1998 Mr. Bremer was arrested in Yakima County and charged with attempted residential burglary. The charge stemmed from an incident reported by Isabelle Wesley. Ms. Wesley lives alone in a duplex in Wanity Park, a housing development located on the Yakama Indian Reservation, just outside of Toppenish, Washington. She testified that on the evening of February 20 she heard unusual noises, like someone was trying to get into her home through the locked front and side doors and then through a window located in the back bedroom. Ms. Wesley called the tribal police who dispatched a tribal officer, Jeff Chumley, to the scene.

Officer Chumley observed Mr. Bremer walking in the vicinity of Ms. Wesley's residence. Upon approaching the suspect, three times Officer Chumley had to loudly demand that Mr. Bremer stop before he did so. The officer performed a patdown for weapons and placed Mr. Bremer in the back of the patrol car. A screwdriver was found in the left front pocket of Mr. Bremer's overalls. No other tools or weapons were found.

A Yakima County Sheriff's Deputy, Scott Swallow, also responded to a call from the tribal police department that a residential burglary was being investigated. Deputy Swallow contacted Ms. Wesley and investigated the outside of her residence. He observed the window in a back bedroom was off its tracks and that the screen had been removed.

Additionally, he noticed that an attempt had been made to pry open the window. Deputy Swallow observed that the pry marks were consistent with the shape and dimension of the screwdriver taken from Mr. Bremer. At this point, Mr. Bremer became a suspect in the attempted burglary so Deputy Swallow arrested him. The screwdriver taken from Mr. Bremer was kept as evidence and introduced as an exhibit at trial.

Mr. Bremer was charged with attempted residential burglary pursuant to RCW 9A.52.025(1) and 9A.28.020. A jury trial was held in Yakima County Superior Court. Just prior to the close of the State's case, the trial court held a conference in chambers to discuss proposed jury instructions. The court inquired about Mr. Bremer's absence from the hearing and was informed by defense counsel that Mr. Bremer would not be in attendance because his presence was necessary at another court matter.

Mr. Bremer was convicted as charged. He was sentenced at the high end of the standard range. Mr. Bremer filed a timely notice of appeal.

Mr. Bremer first contends that the trial court erred when it convened a conference in chambers regarding proposed jury instructions without his presence. He claims that the trial court violated his right to be present at each stage of trial pursuant to CrR 3.4(a) and the state and federal constitutions. Because Mr. Bremer maintains that he did not waive the right to be present at the hearing he requests that this court reverse his conviction and remand the case for a new trial.

The crux of a defendant's constitutional right to be present at all critical stages of the proceedings is the right to be present when evidence is being presented or whenever the defendant's presence has "a relation, reasonably substantial," to the opportunity to defend against the charge. *In re Personal Restraint of Lord*, 123 Wn.2d 296, 306, 868 P.2d 835 (quoting *United States v. Gagnon*, 470 U.S. 522, 526, 105 S. Ct. 1482, 84 L. Ed. 2d 486 (1985)), *clarified*, 123 Wn.2d 737, 870 P.2d 964, *cert. denied*, 513

U.S. 849 (1994). A defendant does not have a right to be present during in-chambers or bench conferences between the court and counsel on legal matters, at least when those matters do not require the resolution of disputed facts. *Lord*, 123 Wn.2d at 306 (citing *United States v. Williams*, 455 F.2d 361 (9th Cir.), *cert. denied*, 409 U.S. 857 (1972)).

■ Mr. Bremer contends that he was not allowed to be present when the court, the State and his attorney discussed proposed jury instructions. This was not a hearing at which evidence was being presented. Jury instructions involve resolution of legal issues, not factual issues. *State v. Edwards*, 92 Wn. App. 156, 164, 961 P.2d 969 (1998) (citing *State v. Williams*, 96 Wn.2d 215, 634 P.2d 868 (1981)). In the absence of some extraordinary circumstance in which Mr. Bremer's presence would have made a difference, a discussion involving proposed jury instructions is not a critical stage of the proceedings. Because Mr. Bremer was fully represented by counsel at the hearing, he would not have had an opportunity to speak. As such, Mr. Bremer's presence had no relation to the opportunity to defend against the charge of attempted residential burglary. Pursuant to the holding in *Lord*, Mr. Bremer's absence from the jury instruction hearing was not a violation of his constitutional rights.

Affirmed.

The remainder of this opinion has no precedential value. Therefore, it will be filed for public record in accordance with the rules governing unpublished opinions.

BROWN, A.C.J., and KATO, J., concur.