IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40378
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KRISEAN JERMAINE JOHNSON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-99-CR-3-1
--------------------
June 22, 2001

Before SMITH, DUHÉ, and PARKER, Circuit Judges.

PER CURIAM:[1]

Krisean Jermaine Johnson appeals his conviction for possession of five grams or more of cocaine with intent to distribute. He asserts that the evidence was insufficient to support his conviction. We hold that the evidence was sufficient for a rational trier of fact to find the essential elements of the offense beyond a reasonable doubt. See United States v. Bell, 678 F.2d 547, 549 (5th Cir. Unit B 1982)(en banc), aff'd, 462 U.S. 356 (1983). Witness Mark Miller's testimony was not incredible as a

_____

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

matter of law.  See <u>United States v. Freeman</u>, 77 F.3d 812, 816 (5th Cir. 1996).

Johnson also asserts that he was absent from the courtroom when the court excused the jury for the evening during deliberations and when the court addressed a question sent out by the jury.  He maintains that these absences violated the Constitution and FED. R. CIV. P. 43.  A defendant does not have a constitutional right to be present for every interaction before the jury.  <u>United States v. Gagnon</u>, 470 U.S. 522, 526 (1985).  Johnson has failed to show that either of these absences resulted in a finding that the trial was unfair.  See <u>Kentucky v. Stincer</u>, 482 U.S. 730, 745 (1987).  He has also failed to show that these absences during a "stage of the trial," which would violate Rule 43, rose above the harmless-error standard.  See <u>United States v. Allen</u>, 76 F.3d 1348, 1371 (5th Cir. 1996); <u>United States v. Brooks</u>, 786 F.2d 638, 643 (5th Cir. 1986).  Consequently, Johnson's conviction is AFFIRMED.