JUSTICE RICE
dissenting.
¶50 I respectfully dissent.
*86 ¶51 As it did in the similar case of State v. Tapson, 2001 MT 292, 307 Mont. 428, the Court ignores longstanding precedent in reaching its decision herein. Further, the Court misapprehends the fundamental role of defense counsel in criminal proceedings.
¶52 Before the commencement of the trial in this matter, Defendant Bird was given notice of the State’s intention to conduct individual voir dire with prospective jurors who had experiences with domestic violence. The procedure undertaken was no surprise to the defense, which had ample notice and opportunity to prepare for this eventuality.
¶53 Thus, the defense had been fully advised when the anticipated time came to conduct individual voir dire. Yet, no objection of any kind was made to the procedure by the defense. By participating in the procedure without objection, the defense fully consented to the procedure, and to the presence or absence of the people in the room at the time it was conducted.
¶54 In a case decided last year, involving an alleged violation of a constitutional trial right, we stated:
In addition to requiring a timely objection, we have held that the objection must specify what authority, rule, statute or constitutional provision might be violated by the court’s decision in order to preserve the issue for appeal; the objector has an obligation to make the basis for the objection clear to the court so that the district court has an opportunity to correct itself.
State v. LaDue, 2001 MT 47, ¶ 29, 304 Mont. 288, ¶ 29, 20 P.3d 775, ¶ 29. This principle is so fundamental and longstanding from cases decided long before LaDue that citation to authority is hardly necessary. Objections are required during trial, both to give opportunity for the trial court to correct a problem, and to preserve an issue for appeal. Bird failed to do so. Yet, the Court ignores this principle altogether.
¶55 Beyond failing to object, the defense folly consented to Bird’s absence from the individual voir dire process. “We will not put a district court in error for an action in which the appealing party acquiesced or actively participated.” State v. Harris, 1999 MT 115, ¶ 32, 294 Mont. 397, ¶ 32, 983 P.2d 881, ¶ 32. This particular legal principle is not important today, either. Perhaps it will be back in vogue on another day.
¶56 And more than failing to object, and fully consenting to Bird’s absence, defense counsel here was questioned about Bird’s absence from the process. After the issue was specifically identified, defense counsel informed the court that he had previously discussed it with *87 Bird, and that Bird’s absence was not a problem. Again, after this specific prompting, counsel offered no objection, and fully consented to Bird’s absence. From this record, I would conclude that Bird, through his counsel, waived his right to be present.
¶57 The Court holds at ¶ 35 that there was not a valid waiver because a party can only waive a known right. A defendant’s knowledge of his rights prior to waiver is indeed important. That is why the United States Supreme Court has stated:
“Even the intelligent and educated layman has small and sometimes no skill in the science of law.... He lacks both the skill and knowledge adequately to prepare his defense, even though he have a perfect one. He requires the guiding hand of counsel at every step in the proceedings against him. Without it, though he be not guilty, he faces the danger of conviction because he does not know how to establish his innocence.”
Gideon v. Wainright (1963), 372 U.S. 335, 345, 83 S.Ct. 792, 797, 9 L.Ed. 2d 799, 805-06, quoting Powell v. Alabama (1932), 287 U.S. 45, 68-69, 53 S.Ct. 55, 64, 77 L.Ed. 158, 170. Thus, it is defense counsel who embodies a defendant’s knowledge of his own legal rights.
¶58 However, the Court, not satisfied with the Gideon principle, refuses to honor the informed choice made by Bird’s counsel at trial, and instead honors Bird’s change of mind on appeal, to the prejudice of the State and the victim. In so doing, the Court misapprehends the fundamental role that defense counsel are to play in criminal proceedings-a role which, like that of the State’s, is to be conducted without the prompting or assistance of this Court. I would let defense counsel fulfill its duty as commissioned in Gideon v. Wainright. There are remedies if counsel fails to do so.
¶59 The Court relies on State v. Allison (1944), 116 Mont. 352, 153 P.2d 141, for its conclusion that Bird’s constitutional right was not adequately waived. It trumpets that constitutional rights are like the Rock of Gibraltar that must be expressly waived, and therefore, as in the 1944 Allison case, this case must be reversed. Amid the trumpeting, however, the Court has overlooked the critical point: the Allison Court required an express waiver of Allison’s constitutional rights precisely because Allison was not represented by defense counsel. For good reason, the Court found that the actions of law enforcement-ordering Allison to give testimony against himself in a hastily convened proceeding in Allison’s tavern without benefit of counsel-could not withstand constitutional scrutiny. Such occurrences are invalid per se under Gideon v. Wainright. I doubt the Court actually views Allison as controlling law today.
*88 ¶60 Even so, the facts here are quite different than in Allison. Bird was represented by counsel. Both Bird and his counsel had been notified in advance of the proposed voir dire procedure. Bird’s counsel discussed Bird’s right to be present with Bird, and Bird chose to be absent.
¶61 I would find that Bird properly waived his right to be present during the individual voir dire. I agree with United States v. Corcoran (2nd Cir.1996), 100 F.3d 944 (adopting District Court’s opinion), cert. denied, 517 U.S. 1228, 116 S.Ct. 1864, 134 L.Ed.2d 962, wherein the Second Circuit Court found that waiver by defense counsel of the defendant’s right to attend an individual voir dire conference was valid, and with the principle set forth in United States v. Gagnon (1985), 470 U.S. 522, 105 S.Ct. 1482, 84 L.Ed. 2d 486, that the district court need not obtain an express on-the-record waiver to excuse a defendant from every trial conference that the defendant may have a right to attend. Defense counsel’s consent is sufficient. I would further find, honoring our longstanding precedent, that Bird failed to preserve this issue for appeal by failing to object and by consenting to the procedure. I would affirm his conviction.