Frank Salvatore D'AGOSTINO,
Petitioner—Appellant,

v.

Michael BUDGE; Brian Sandoval,
Respondents—Appellees.

No. 04–17342.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 18, 2005.

Decided Nov. 17, 2005.

Dominic P. Gentile, Esq., Attorney at Law, Las Vegas, NV, for Petitioner–Appellant.

Rene L. Hulse, Office of the Nevada Attorney General, Las Vegas, NV, for Respondents–Appellees.

Before: WALLACE, TROTT, and RYMER, Circuit Judges.

## MEMORANDUM *

Frank Salvatore D'Agostino, a Nevada state prisoner, appeals the district court's denial of his petition for a writ of habeas corpus. For the reasons stated below, we affirm.[1]

▮ There was no prosecutorial misconduct arising out of the failure to disclose *Brady* material. Most of the evidence D'Agostino mentions in his petition was presented to the jury at trial. *D'Agostino v. State,* 112 Nev. 417, 915 P.2d 264, 267–68 (1996). The evidence not before the jury is cumulative of that which was presented to the jury, so there is no reasonable probability the withheld evidence would have affected the outcome. *See United States v. Bagley,* 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). Finally, there is no evidence in the record to support D'Agostino's contention that Lakel received a deal from the state after testifying at the trial.

▮ D'Agostino asserts many instances of ineffective assistance of trial counsel, but each of these claims fails the *Strickland* test. *See Strickland v. Washington,* 466 U.S. 668, 687–90, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). D'Agostino did not establish prejudice as a result of his counsel's alleged failure to investigate Michael Gaines and his cellmates, so this claim fails under the second *Strickland* prong. D'Agostino failed to distinguish *Florida v. Nixon,* 543 U.S. 175, 125 S.Ct. 551, 160 L.Ed.2d 565 (2004), to prove his counsel was ineffective by conceding D'Agostino's guilt on the larceny and arson charges, and, even if counsel was ineffective in conceding guilt, D'Agostino failed to establish prejudice. Finally, D'Agostino failed to establish prejudice by merely listing sixteen pretrial motions his trial counsel allegedly should have filed, and he did not allege sufficient facts indicating why a competent counsel would have filed these motions.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We have carefully considered D'Agostino's claims not specifically addressed in this Memorandum Disposition, and conclude they lack merit.

458

D'Agostino's other claims fail for various reasons. D'Agostino failed to prove the prosecutor's comments during closing arguments affected the fairness of the trial. *See United States v. Young,* 470 U.S. 1, 11, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985). D'Agostino failed to prove the state destroyed Lakel's files in bad faith. *See Arizona v. Youngblood,* 488 U.S. 51, 57, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988). D'Agostino failed to prove that the jury instructions or the trial court's failure to record a bench conference during calendar call were contrary to, or an unreasonable application of, clearly established federal law. D'Agostino's absence during bench conferences and in-chamber proceedings do not violate the Due Process Clause because he failed to demonstrate how his presence would have contributed anything substantial to his opportunity to defend. *See United States v. Gagnon,* 470 U.S. 522, 526, 105 S.Ct. 1482, 84 L.Ed.2d 486 (1985). D'Agostino's trial was not rendered fundamentally unfair by his having to object to the prosecutor's questions calling for testimony protected by the marital privilege because the jury neither heard the protected information nor knew D'Agostino was invoking the marital privilege. *See Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Finally, the removal of potential jurors for cause based on their death penalty views is moot now that D'Agostino is sentenced to life in prison. *See Witherspoon v. Illinois,* 391 U.S. 510, 522 n. 21, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968).

**AFFIRMED.**