606

**Gary LAKE, Petitioner–Appellant,**

v.

**Charles GREINER, Superintendent Sing Sing Correctional Facility, Respondent–Appellee.**

No. 03–2611–PR.

United States Court of Appeals, Second Circuit.

Feb. 28, 2006.

Robert A. Culp, New York, NY, for Petitioner–Appellant.

Leonard Joblove, Victor Barall, Diane R. Eisner, Assistant District Attorneys (Charles J. Hynes, District Attorney Kings County, on the brief), Brooklyn, NY, for Respondent–Appellee.

Present: ROSEMARY S. POOLER, B.D. PARKER, Circuit Judges, and DENNY CHIN, District Judge.*

### SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED.**

---

\* The Honorable Denny Chin, Judge of the United States District Court for the Southern District of New York, sitting by designation.

Petitioner Gary Lake appeals from the June 16, 2003 judgment of the district court dismissing his petition for a writ of habeas corpus. We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

Lake challenges his exclusion from the interview of Beverly Ford as a violation of his "due process right 'to be present in his own person whenever his presence has a relation, reasonably substantial, to the fulness of his opportunity to defend against the charge.'" *Kentucky v. Stincer*, 482 U.S. 730, 745, 107 S.Ct. 2658, 96 L.Ed.2d 631 (1987) (quoting *Snyder v. Massachusetts*, 291 U.S. 97, 105–06, 54 S.Ct. 330, 78 L.Ed. 674 (1934)). Assuming, without deciding, that Lake had a right to be present at this interview, he waived that right by failing to object at the time the violation occurred. *See United States v. Gagnon*, 470 U.S. 522, 528–29, 105 S.Ct. 1482, 84 L.Ed.2d 486 (1985); *United States v. Peterson*, 385 F.3d 127, 138–39 (2d Cir.2004).

We decline to reconsider, as Lake has requested, the decisions of the motion panels, denying Lake's motion to expand the certificate of appealability and to stay his petition so he may exhaust an additional claim in state court.

Based on the foregoing, the judgment of the district court is AFFIRMED.