REQUESTED BY: Senator Lavon Heidemann Nebraska State Legislature
You inquire whether the Sixth Amendment of our federal constitution would be violated if the mandatory written and oral waiver provisions of Neb. Rev. Stat. §§ 29-4203 (1) and (2) (2006 Cum.Supp.) were to be repealed. Section 49-4203 is a part of a series of statutes which authorize audiovisual court appearances under certain circumstances. See, § 29-4201 et.seq. For the reasons set forth below, we conclude that repeal of the mandatory waiver provisions of § 29-4203 (1) and (2) would not violate the Sixth Amendment or its state counterpart, Article I, Section 11 of the Nebraska Constitution.
The Sixth Amendment to the United States Constitution provides: "In all criminal prosecutions, the accused shall enjoy the right. . .to be confronted with the witnesses against him. . . ." This clause, known as the Confrontation Clause, guarantees the defendant a face-to-face meeting with witnesses appearing before the trier of fact." United States v. Yates, 438 F.3d 1307, 1312 (2006).
However, audiovisual court appearances are not authorized to occur for trials or any other form of evidentiary hearing in a criminal case. See, § 29-4202. By its very definition a criminal defendant would not have the need or opportunity to "confront" witnesses in the course of an appropriate audiovisual court appearance. Therefore, we observe noSixth Amendment Confrontation Clause issues raised by the audiovisual court appearance process generally. See, Maryland v. Craig, 497 U.S. 836
(1990). "We fail to see how Anderson's or Hochstein's absence at a time when their attorneys were arguing matters of law to the court could frustrate the fairness of the proceedings." State v. Anderson and Hochstein, 207 Neb. 51, 68-69, 296 N.W.2d 440, 451-452 (1980). In the instance of an audiovisual court appearance, the criminal defendant is not "absent", just not physically present at the same location as the court.
We certainly observe no Sixth Amendment basis for the current requirement of § 29-4203(1) and (2) that a written and oral waiver must be obtained from a criminal defendant before conducting an audiovisual court appearance. Even if a Sixth Amendment right were implicated by the audiovisual court appearance process, waivers of any such right are not required to be reduced to writing or specifically inquired into by the trial court before proceeding. United States v. Gagnon, 470 U.S. 522,105 S.Ct. 1482, 84 L.Ed.2d 486 (1985) (holding that defendant must assert right of confrontation and right to be present at trial and cannot claim those rights for first time on appeal); State v. Bjorklund258 Neb. 432, 469-470, 604 N.W.2d 169, 205 (2000); State v. Bradley236 Neb. 371, 380-381, 461 N.W.2d 524, 533 — 534 (1990).
Sincerely,
JON BRUNING Attorney General
J. Kirk Brown Solicitor General
 Approved: __________________________ Attorney General