UNITED STATES *v.* GAGNON ET AL.

No. 84–690.   Decided March 18, 1985

PER CURIAM.

The four respondents were indicted on various counts and tried together in Federal District Court for participation in a large-scale cocaine distribution conspiracy. During the afternoon recess on the first day of trial the District Judge was discussing matters of law in open court with the respondents, their respective counsel, and the Assistant United States Attorney, outside the presence of the jury. The bailiff entered the courtroom and informed the judge that one of the jurors, Garold Graham, had expressed concern because he had noticed respondent Gagnon sketching portraits of the jury. Gagnon's attorney admitted that Gagnon had been sketching jury members during the trial. The District Judge ordered that the practice cease immediately. Gagnon's lawyer suggested that the judge question the juror to ascertain whether the sketching had prejudiced the juror against Gagnon. The judge then stated, still in open court in the presence of each respondent and his counsel: "I will talk to the juror in my chambers and make a determination. We'll stand at recess." No objections were made by any respondent and no respondent requested to be present at the discussion in chambers.

The District Judge then went into the chambers and called for juror Graham. The judge also requested the bailiff to bring Gagnon's counsel to chambers. There the judge, in

the company of Gagnon's counsel, discussed the sketching with the juror. The juror stated:

".  .  . I just thought that perhaps because of the seriousness of the trial, and because of—whichever way the deliberations go, it kind of—it upset me, because—of what could happen afterwards."

The judge then explained that Gagnon was an artist, meant no harm, and the sketchings had been confiscated. The juror was assured that Gagnon would sketch no more. Graham stated that another juror had seen the sketching and made a comment to him about it but no one else seemed to have noticed, and no other jurors had discussed the matter. The judge then elicited from Graham his willingness to continue as an impartial juror. Gagnon's counsel asked two questions of the juror and then stated that he was satisfied. The *in camera* meeting broke up, and the trial resumed. A transcript of the *in camera* proceeding was available to all of the parties; at no time did any respondent mention or object to the *in camera* interview of the juror. No motions were made to disqualify Graham or the other juror who witnessed the sketching, nor did any respondent request that cautionary instructions be given to the jury. After the jury returned guilty verdicts no post-trial motions concerning the incident were filed with the District Court.

On the consolidated appeal, however, each respondent claimed that the District Court's discussion with the juror in chambers violated respondents' Sixth Amendment rights to an impartial jury and their rights under Federal Rule of Criminal Procedure 43[1] to be present at all stages of the

---

[1] Rule 43 provides:

"(a) Presence Required. The defendant shall be present at the arraignment, at the time of the plea, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule.

"(b) Continued Presence Not Required. The further progress of the trial to and including the return of the verdict shall not be prevented and

trial. A divided panel of the Court of Appeals for the Ninth Circuit reversed the convictions of all respondents, holding that the *in camera* discussion with the juror violated respondents' rights under Rule 43 and the Due Process Clause of the Fifth Amendment. 721 F. 2d 672 (1983).

The Court of Appeals held that all four respondents had due process and Rule 43 rights to be personally present at the *in camera* discussion, and these rights were substantial enough to be noticed as plain error on appeal under Federal Rule of Criminal Procedure 52(b), notwithstanding respondents' failure to preserve the issue by raising it in the District Court. Although the juror was only worried about Gagnon's conduct, the Court of Appeals held that the juror's potential prejudice against Gagnon might harm all respondents because they were joint actors charged and tried together for conspiracy.

The court stated that it could find nothing in the record to "conclusively determine" that respondents waived their Rule 43 rights. The Court of Appeals found "no indication of whether Gagnon or the other defendants expressly or impliedly implicated their willingness to be absent from the

the defendant shall be considered to have waived his right to be present whenever a defendant, initially present,

"(1) voluntarily absents himself after the trial has commenced (whether or not he has been informed by the court of his obligation to remain during the trial), or

"(2) after being warned by the court that disruptive conduct will cause him to be removed from the courtroom, persists in conduct which is such as to justify his being excluded from the courtroom.

"(c) Presence Not Required. A defendant need not be present in the following situations:

"(1) A corporation may appear by counsel for all purposes.

"(2) In prosecutions for offenses punishable by fine or by imprisonment for not more than one year or both, the court, with the written consent of the defendant, may permit arraignment, plea, trial, and imposition of sentence in the defendant's absence.

"(3) At a conference or argument upon a question of law.

"(4) At a reduction of sentence under Rule 35."

conference." 721 F. 2d, at 677. That no objection was made to holding the conference without respondents was, to the court, irrelevant on the question of voluntary absence under Rule 43. Because the court found no waiver of the Rule 43 right to be present, it stated that *a fortiori* it could not conclude that respondents had made an intentional and knowing relinquishment of their due process right to be present. *Ibid.*, citing *Johnson* v. *Zerbst,* 304 U. S. 458, 464 (1938). Finally, the court held that the harmless-error rule did not excuse the errors committed by the District Court.

We think it clear that respondents' rights under the Fifth Amendment Due Process Clause were not violated by the *in camera* discussion with the juror. "[T]he mere occurrence of an *ex parte* conversation between a trial judge and a juror does not constitute a deprivation of any constitutional right. The defense has no constitutional right to be present at every interaction between a judge and a juror, nor is there a constitutional right to have a court reporter transcribe every such communication." *Rushen* v. *Spain,* 464 U. S. 114, 125–126 (1983) (STEVENS, J., concurring in judgment).

The constitutional right to presence is rooted to a large extent in the Confrontation Clause of the Sixth Amendment, *e. g., Illinois* v. *Allen,* 397 U. S. 337 (1970), but we have recognized that this right is protected by the Due Process Clause in some situations where the defendant is not actually confronting witnesses or evidence against him. In *Snyder* v. *Massachusetts,* 291 U. S. 97 (1934), the Court explained that a defendant has a due process right to be present at a proceeding "whenever his presence has a relation, reasonably substantial, to the fulness of his opportunity to defend against the charge. . . . [T]he presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only." *Id.,* at 105–106, 108; see also *Faretta* v. *California,* 422 U. S. 806, 819, n. 15 (1975). The Court also cautioned in *Snyder* that the exclusion of a defendant from a trial pro-

ceeding should be considered in light of the whole record. 291 U. S., at 115.

In this case the presence of the four respondents and their four trial counsel at the *in camera* discussion was not required to ensure fundamental fairness or a "reasonably substantial . . . opportunity to defend against the charge." See *Snyder, supra.* The encounter between the judge, the juror, and Gagnon's lawyer was a short interlude in a complex trial; the conference was not the sort of event which every defendant had a right personally to attend under the Fifth Amendment. Respondents could have done nothing had they been at the conference, nor would they have gained anything by attending. *Id.*, at 108. Indeed, the presence of Gagnon and the other respondents, their four counsel, and the prosecutor could have been counterproductive. Juror Graham had quietly expressed some concern about the purposes of Gagnon's sketching, and the District Judge sought to explain the situation to the juror. The Fifth Amendment does not require that all the parties be present when the judge inquires into such a minor occurrence.

The Court of Appeals also held that the conference with the juror was a "stage of the trial" at which Gagnon's presence was guaranteed by Federal Rule of Criminal Procedure 43. We assume for the purposes of this opinion that the Court of Appeals was correct in this regard. We hold, however, that the court erred in concluding that respondents had not waived their rights under Rule 43 to be present at the conference with the juror.

The Court of Appeals found the record insufficient to show a valid waiver of respondents' rights under Rule 43 because there was no proof that respondents expressly or impliedly indicated their willingness to be absent from the conference. The record shows, however, that the District Judge, in open court, announced her intention to speak with the juror in chambers, and then called a recess. The *in camera* discussion took place during the recess, and trial resumed shortly

thereafter with no change in the jury. Respondents neither then nor later in the course of the trial asserted any Rule 43 rights they may have had to attend this conference. Respondents did not request to attend the conference at any time. No objections of any sort were lodged, either before or after the conference. Respondents did not even make any post-trial motions, although post-trial hearings may often resolve this sort of claim. See Fed. Rule Crim. Proc. 33; *Rushen, supra,* at 119–120, citing *Smith* v. *Phillips,* 455 U. S. 209, 218–219 (1982); *Remmer* v. *United States,* 347 U. S. 227, 230 (1954). We disagree with the Court of Appeals that failure to object is irrelevant to whether a defendant has voluntarily absented himself under Rule 43 from an *in camera* conference of which he is aware. The district court need not get an express "on the record" waiver from the defendant for every trial conference which a defendant may have a right to attend. As we have noted previously, "[t]here is scarcely a lengthy trial in which one or more jurors does not have occasion to speak to the trial judge about something, whether it relates to a matter of personal comfort or to some aspect of the trial." *Rushen, supra,* at 118. A defendant knowing of such a discussion must assert whatever right he may have under Rule 43 to be present.

Our holding today is in accord with our prior cases and is also consistent with the approach taken by many Courts of Appeals.[2] In *Taylor* v. *United States,* 414 U. S. 17 (1973), the defendant did not return to the courthouse after the first morning of trial. The trial continued in his absence, resulting in guilty verdicts. After his later arrest and sentencing the defendant claimed that he was denied a right to be pres-

---

[2] See, *e. g., United States* v. *Washington,* 227 U. S. App. D. C. 184, 191–193, 705 F. 2d 489, 496–498 (1983); *United States* v. *Provenzano,* 620 F. 2d 985, 997–998 (CA3), cert. denied, 449 U. S. 899 (1980); *United States* v. *Bufalino,* 576 F. 2d 446, 450–451 (CA2), cert. denied, 439 U. S. 928 (1978); *United States* v. *Brown,* 571 F. 2d 980, 987 (CA6 1978).

ent at trial under Rule 43 because mere voluntary absence was not an effective waiver of that right. We rejected this claim, *id.*, at 19–20, and held that the defendant need not be expressly warned of rights under Rule 43. Nor did we require any type of waiver to exist on the record; the defendant's failure to assert his right was an adequate waiver. Similarly, respondents' total failure to assert their rights to attend the conference with the juror sufficed to waive their rights under Rule 43.

This analysis comports both with the language of Rule 43 and with the everyday practicalities of conducting a trial. If a defendant is entitled under Rule 43 to attend certain "stages of the trial" which do not take place in open court, the defendant or his counsel must assert that right at the time; they may not claim it for the first time on appeal from a sentence entered on a jury's verdict of "guilty." Rule 43(b) states that "the defendant shall be considered to have waived his right to be present whenever a defendant, initially present . . . voluntarily absents himself . . . ." See also Advisory Committee Notes on Fed. Rule Crim. Proc. 43, 18 U. S. C. App., p. 646. Respondents knew the District Judge was holding a conference with the juror and with Gagnon's attorney, yet neither they nor their attorney made any effort to attend. Timely invocation of a Rule 43 right could at least have apprised the District Court of the claim, and very likely enabled it to accommodate a meritorious claim in whole or in part. Unlike the Court of Appeals, we find nothing in Rule 43 which requires that latter-day protests of the District Court's action with respect to a relatively minor incident be sustained, and the case tried anew. We hold that failure by a criminal defendant to invoke his right to be present under Federal Rule of Criminal Procedure 43 at a conference which he knows is taking place between the judge and a juror in chambers constitutes a valid waiver of that right. The petition for certiorari and respondents' motion to supplement

the record are granted, and the judgment of the Court of Appeals is

*Reversed.*

JUSTICE POWELL took no part in the consideration or decision of this case.

JUSTICE BRENNAN, with whom JUSTICE MARSHALL joins, dissenting.

Last Term this Court divided sharply in a case involving an *ex parte* contact between a judge and juror during a criminal trial. *Rushen* v. *Spain*, 464 U. S. 114, (1983) *(per curiam).* Five separate opinions issued. Two Justices urged the Court to decide the "important constitutional questions" raised by such *ex parte* juror contacts, see *id.*, at 131 (MARSHALL, J., dissenting); *id.*, at 123 (STEVENS, J., concurring in judgment), but diverged significantly in their analyses and conclusions. Compare *id.*, at 140 (MARSHALL, J., dissenting) (*ex parte* contacts implicate three constitutional rights: "the right to counsel, . . . the 'right to be present,' . . . [and] the right to an impartial jury") with *id.*, at 125 (STEVENS, J., concurring in judgment) ("[T]he mere occurrence of an *ex parte* conversation between a trial judge and a juror does not constitute a deprivation of any constitutional right"). JUSTICE BLACKMUN and I dissented, arguing that the case should be either given plenary consideration, *id.*, at 122 (BRENNAN, J., dissenting), or not reviewed at all, *id.*, at 150–153 (BLACKMUN, J., dissenting).

In the face of this controversy, the bare *per curiam* majority explicitly declined to consider "[w]hether the error [of *ex parte* contact] was of constitutional dimension," *id.*, at 117–118, n. 2, and held only that any error demonstrated on the particular facts at issue was harmless. *Id.*, at 121.

Today, without so much as a nod to this recent reservation of the question, the Court decides that the odd facts of this case do not constitute "the sort of event which every defendant ha[s] a right personally to attend under the Fifth Amendment," citing the lone Member of the Court who would have

so decided last Term. *Ante,* at 526–527. No guiding standard for future application is provided; the Court simply invokes its power to decide *this* case. Such ad hoc resolutions invariably engender more problems than solutions for lower courts.

Moreover, the parties directly affected by today's decision have not even been permitted an opportunity to brief and argue the merits. Given the highly fact-specific nature of the case, my preference would be to deny the petition for certiorari. But if the merits are to be addressed, I would do so only upon full consideration after briefing and oral argument. Accordingly, I respectfully dissent.