978 F.2d 714
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ordie CONEY, Petitioner-Appellant,
v.
Arthur SCHMIDT, Superintendent, Palmer Correctional Center,
State of Alaska, Respondent-Appellee.
 No. 91-36077.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 20, 1992.
Decided Nov. 3, 1992.
 
 Before HUG, D.W. NELSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Alaska state prisoner, Ordie Coney, raises four issues in his appeal of the district court's denial of his Petition for Writ of Habeas Corpus. We hold Coney has not demonstrated that any error of constitutional dimension occurred and affirm the district court.
 
 I. EXHAUSTION OF STATE REMEDIES
 
 3
 The district court ruled that Coney had not exhausted his state remedies as to all claims, but alternatively reached the merits of the petition. On appeal, Coney claims he did not raise the issues which the appellee claims are not exhausted and, to the extent the issues were raised, he abandons them. While a better practice might have been to specifically abandon the issues in the district court, the unequivocal abandonment of those claims in this court convinces us that no purpose would be served by having Coney refile the case in district court. We will proceed to the merits.
 
 II. DISMISSAL OF JUROR
 
 4
 A criminal defendant's right to be present at the proceedings against him is not absolute. He has a right to be present
 
 
 5
 "[W]henever his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge.... [T]he presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only."
 
 
 6
 United States v. Gagnon, 470 U.S. 522, 526 (1985) (brackets and ellipses in original) (quoting Snyder v. Massachusetts, 291 U.S. 97, 105-106, 108 (1934)).
 
 
 7
 Although the dismissal of one of the jurors due to economic hardship took place when Coney was absent from the courtroom, his attorney was present. Coney had a full opportunity to voir dire the alternate juror during the original jury selection process. In addition, his attorney could have objected when the juror was dismissed, and Coney had the opportunity to object when he was told of the substitution. In fact, Coney's first objection to the dismissal was approximately twenty months later.
 
 
 8
 Coney's absence from the courtroom at the time of the juror's replacement did not deny Coney his full opportunity to defend against the charges. A fair and just hearing was not thwarted and Coney's constitutional rights were not violated. Gagnon, 470 U.S. 522 (1985); Polizzi v. United States, 550 F.2d 1133 (9th Cir.1976).
 
 III. JURY INSTRUCTION NO. 4
 
 9
 Jury Instruction No. 4 states in relevant part:
 
 
 10
 A witness deliberately lying in one material part of his testimony may be distrusted in others. You may reject the whole testimony of a witness who willfully has testified falsely as to a material point, unless, from all the evidence, you should believe the probability of truth favors his testimony in other particulars.
 
 
 11
 Unlike the instruction in Sandstrom, Coney's challenge to Jury Instruction No. 4 is not well taken. The Supreme Court in Sandstrom v. Montana, 442 U.S. 510 (1979), the case upon which Coney relies, found error in a burden-shifting instruction. Contrary to Sandstrom, the challenged instruction here did not shift the burden of proof by creating a presumption on an element of the crime. Neither did it dilute the prosecution's burden of proof. Cupp v. Naughten, 414 U.S. 141, 145-46 (1973).
 
 
 12
 "Jury instructions are considered as a whole to determine if they are misleading or inadequate." United States v. Beltran-Rios, 878 F.2d 1208, 1214 (9th Cir.1989). Thus, Jury Instruction No. 4, which has to be read with the other jury instructions to determine if it is misleading or inadequate, informed the jury that the Government had the burden of proving the case beyond a reasonable doubt. Cupp, 414 U.S. at 146-47; Beltran-Rios, 878 F.2d at 1214. When read as a whole, it is clear that the instructions adequately informed the jury as to the burden of proof and who held it.
 
 IV. EX PARTE FACTUAL INVESTIGATION
 
 13
 The trial judge's use of his secretary to gather information bearing on the examination of a witness was improper. On this point, we agree with the Court of Appeals of Alaska. Coney v. State, 699 P.2d 899, 902, n. 1 (Alaska Ct.App.1985). We also agree that the error was harmless. Id.
 
 
 14
 The trial judge used the information to decide whether or not to compel Mr. Ryan's testimony. The information obtained by the judge's secretary was made available to the parties through exhibits and testimony under oath. The trial judge decided Mr. Ryan's testimony was not relevant but deferred his final decision on compelling the testimony until after the hearing. The judge indicated he would reconsider his decision if the facts were not as his secretary had been told.
 
 
 15
 The Sixth Circuit case of Price Bros. Co. v. Philadelphia Gear Corp., 649 F.2d 416 (6th Cir.), cert. denied, 454 U.S. 1099 (1981), upon which Coney relies, is not on point. Price Bros. involved a civil bench trial where the judge was deciding the facts. Here, the judge only had to decide the relevance of Ryan's testimony.
 
 
 16
 Since the judge based his final decision on testimony that was given under oath, and Coney had the opportunity to cross-examine the witness, the impropriety simply could not have had a prejudicial affect on his trial.
 
 V. DENIAL OF MOTION FOR NEW TRIAL
 
 17
 The Alaska Police Information Network ("ALPIN") Report contained a statement that Steven Greene, the clerk for the liquor store, had been involved in a similar robbery two months prior to the robbery for which Coney was convicted. Denial of the motion for new trial based on the withholding of the ALPIN Report was not error. Greene had testified about the previous robbery in his deposition, which was taken before the trial began. Coney did not follow up on the information he received during Greene's deposition. The magistrate judge fairly characterized Coney's position as overemphasizing the usefulness of the ALPIN Report. The decision of whether to grant a new trial is discretionary. United States v. Lopez, 803 F.2d 969, 977 (9th Cir.1986), cert. denied 481 U.S. 1030 (1987). Coney has not demonstrated an abuse of the trial judge's discretion, much less an error of constitutional dimension.
 
 
 18
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3