JUSTICE RICE
dissents.
¶42 I respectfully dissent.
¶43 Nine months ago, an unanimous panel of this Court decided State v. LaDue, 2001 MT 47, 304 Mont. 288, 20 P.3d 775, wherein the Defendant contended that his constitutional trial rights were violated when the District Court denied his request to call additional witnesses in his defense. In addressing this constitutional issue, the Court acknowledged that the matter was governed by § 46-20-104, MCA, and *440 § 46-20-701, MCA, which requires that “[a] claim alleging an error affecting jurisdictional or constitutional rights may not be noticed on appeal if the alleged error was not objected to ...” and held as follows:
These statutes make clear that an objection concerning jurisdictional or constitutional matters must be raised before the trial court... and if the objection is not made it will not be heard on appeal.
In addition to requiring a timely objection, we have held that the objection must specify what authority, rule, statute or constitutional provision might be violated by the court’s decision in order to preserve the issue for appeal; the objector has an obligation to make the basis for the objection clear to the court so that the district court has an opportunity to correct itself. State v. Huerta (1997), 285 Mont. 245, 261, 947 P.2d 483, 493.
LaDue did not raise at trial the constitutional issue that he raises on appeal, and has therefore failed to preserve the matter for our review. As he did not raise the issue at trial, he has waived his right to appeal this issue.
LaDue, ¶¶ 27-30. While the Court makes a passing reference to LaDue in ¶ 23, it fails to acknowledge the relevance of its holding to this matter. Although unstated by the Court, LaDue appears to have been overruled, and further, the statutes and holdings upon which it relied will no longer bar constitutional claims on appeal which were not first raised in the district court. The Court does not claim to review the issue here pursuant to the plain error doctrine. Thus, by issuing a decision which directly conflicts with LaDue and the statutes, the Court leaves the law in disarray.
¶44 The policy behind the statutes is well founded, and consistent with federal policy. On similar grounds, the United States Supreme Court, in United States v. Gagnon (1985), 470 U.S. 522,105 S.Ct. 1482, 84 L.Ed. 2d 486 (per curiam), held that a defendant’s failure to object to his right to be present during all phases of the trial is a waiver of his right to appeal the issue.
¶45 More than failing to object, here the Defendant consented to the challenged procedure. It was the trial judge who wanted to bring the jury into the courtroom. After waiting for the Defendant to arrive so that he could be present for the in-chambers meeting, the judge discussed the procedure for providing new verdict forms to the jury. Excerpts from the transcript of the discussion are enlightening:
THE COURT: Why don’t we take that verdict, then if we *441 want to give them the dynamite instruction and send them back with separate verdicts on the other two counts that wouldn’t include the count that they returned a verdict on, that would-if we do it the way you first suggested, then we would have to bring them into the courtroom, give them these other three sets of verdicts, send them back and have them fill out one of those and bring them back. This would just make less shuffling back and forth.
[THE STATE]: It was not my intent to have the jury moved from the jury room. I thought maybe we would have them submit the verdict form signed back to you, whichever one it was, and then we would assemble them.
THE COURT: Does anybody have an objection if I do that, or would you prefer that to be done on the record in the courtroom, in which case, we will do that, bring them in and
send back the verdict forms-
[DEFENSE COUNSEL]: We have no objection to your proposition.
[THE STATE]: State has no objection to the Court administering them personally to the jury.
(Emphasis added.) Clearly, the defense, with the Defendant personally in attendance, participated in the discussion regarding the proposed verdict form exchange, and then specifically consented to it. “We will not put a district court in error for an action in which the appealing party acquiesced or actively participated.” State v. Harris, 1999 MT 115, ¶ 32, 294 Mont. 397, ¶ 32, 983 P.2d 881, ¶ 32. The rule of Harris is, apparently, no more.
¶46 The Court finds that the actions of the defense here do not constitute a valid waiver of the Defendant’s trial right because it was not “an on-the-record knowing, voluntary, and intelligent waiver” by a fully-advised defendant. ¶ 32.
¶47 In Gagnon, the United States Supreme Court rejected a claim that contact between a trial judge and juror, to which defense counsel had acquiesced, had not been waived by the defendant’s failure to object. Although Rule 43, Federal Rules of Criminal Procedure, requires the presence of the defendant at all stages of trial, the Court held:
We disagree with the Court of Appeals that failure to object is irrelevant to whether a defendant has voluntarily absented himself under Rule 43 from an in camera conference of which he is aware. The district court need not get an express “on the *442 record” waiver from the defendant for every trial conference which a defendant may have a right to attend.
Gagnon, 470 U.S. at 528,105 S.Ct. 1482 (emphasis added). The United States Supreme Court thus recognized the impracticality of requiring the defendant to be advised of each right through an awkward on-the-record procedure each time a trial right is encountered. While the Court herein does not impose such a waiver procedure on other constitutional trial rights, I fail to see why other, equally important rights, would not logically be incorporated by the Court’s waiver rule under the rationale expressed here. In the flow of a criminal trial, the defendant’s rights are to be protected by defense counsel. Rather than impose an unworkable waiver rule that may potentially impose itself on each sidebar conference, I would let counsel do their job. There are remedies if they fail to do so.
¶48 I acknowledge the concern regarding judges appearing in jury rooms. However, finding that the Defendant waived his constitutional right to be present, and also failed to preserve the issue for appeal, I would affirm.