David Gerome GUTIERREZ, Petitioner—Appellant,

v.

Edward S. ALAMEIDA, Jr., Director of Corrections; et al., Respondents—Appellees.

No. 04–55331.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Jan. 13, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

David Gerome Gutierrez, San Luis Obispo, CA, pro se.

Robert M. Foster, Esq., AGCA—Office of the California Attorney General (San Diego), San Diego, CA, for Respondents–Appellees.

Before: GOODWIN, ALARCÓN, and TROTT, Circuit Judges.

## MEMORANDUM **

California state prisoner David Gerome Gutierrez appeals pro se the district court's order denying his 28 U.S.C. § 2254 habeas corpus petition challenging his jury conviction and sentence for battery of a cohabitant. This Court granted a Certificate of Appealability ("COA") as to the issue of whether the trial court violated Mr. Gutierrez' right to be present at all critical stages of the proceedings when an in-chambers conference raised the issue of Mr. Gutierrez' retained counsel's ability to proceed at trial because of loss of sleep caused by concern resulting from her mother's illness. Mr. Gutierrez's counsel informed the court she could proceed without a continuance. We have jurisdiction pursuant to 28 U.S.C. § 2254.[1] We affirm.

The defendant's presence is a condition of due process only to the extent that a fair and just hearing would be thwarted in his absence. *United States v. Gagnon,* 470 U.S. 522, 526, 105 S.Ct. 1482, 84 L.Ed.2d 486 (1985). A conference is not a critical stage if there is no indication that the defendant could have done anything or gained anything had he been present. *Id.* at 527, 105 S.Ct. 1482. We conclude that Mr. Gutierrez' absence from the in-chambers conference between the trial court judge and counsel did not violate due process because the conference was not a critical stage in the proceedings. *Id.*

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The district court denied Mr. Guitierrez' request for a COA. We reject the State's contention that the COA was improvidently granted by a motions panel of this court, because the State failed to resist the request for a COA within thirty-five days of the filing of the notice of appeal. *See Gatlin v. Madding,* 189 F.3d 882, 887 (9th Cir.1999) (declining to address the State's argument that the COA was improvidently granted because the State failed to oppose to request for the COA within 35 days).