**Howard PELLINGTON, Petitioner–Appellant,**

v.

**Charles GREINER, Superintendent, Green Haven Correctional Facility, and Eliot Spitzer, New York State Attorney General, Respondents–Appellees.**

**No. 04–2131–PR.**

United States Court of Appeals, Second Circuit.

May 19, 2005.

---

Martin M. Lucente, The Legal Aid Society, New York, NY, for Petitioner.

David S. Weisel, Assistant District Attorney (Robert T. Johnson, District Attorney of Bronx County, Joseph N. Ferdenzi and Allen H. Saperstein, Assistant District Attorneys, on the brief), Bronx, NY, for Respondent.

Present: WALKER, Chief Judge, FEINBERG, and RAGGI, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be and it hereby is **AFFIRMED.**

Petitioner-appellant Howard Pellington appeals from a decision of the United States District Court for the Southern District of New York (Victor Marrero, *Judge* ), denying his petition for a writ of habeas corpus. *Pellington v. Greiner,* 307 F.Supp.2d 601 (S.D.N.Y.2004). Familiarity with the facts and procedural background is assumed. We affirm on the basis that Pellington cannot demonstrate that the state courts acted contrary to or unreasonably applied clearly established federal law, as determined by the Supreme Court. 28 U.S.C. § 2254(d).

Even if Pellington had a right to be present at the robing room conference with the jury foreperson, he waived that right. Pellington was present when the court announced that it would meet with the juror and with counsel, and neither Pellington nor his counsel raised any objection. *See United States v. Gagnon,* 470 U.S. 522, 527–28, 105 S.Ct. 1482, 84 L.Ed.2d 486 (1985) (jurors almost always have to confer with the "trial judge about something, whether it relates to a matter of personal comfort or to some aspect of the trial"; a defendant who knows of such a discussion "must assert whatever right he may have ... to be present" (internal quotation marks and citation omitted)); *see also Clark v. Stinson,* 214 F.3d 315, 323 (2d Cir.2000) ("[F]ailure to readily object at the time the decision is made to proceed without the accused can constitute a waiver."). Pellington knew that the conference would take place in his absence and raised no objections before the fact, nor any queries as to its subject matter

after the fact, even when the trial judge explicitly referred to the conference at the start of proceedings the following morning. Moreover, Pellington's counsel was present throughout the proceedings. *See id.* at 324 (finding implied waiver where there was no evidence of purposeful exclusion by trial judge and where "judge could have reasonably concluded that if the defendant's rights were being violated, he or his counsel would have said so"). In light of these facts, it was not unreasonable for the Appellate Division to conclude that Pellington waived any right he may have had to be present.

We have carefully reviewed Pellington's remaining contentions and find them to be without merit. For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**