

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-31-2008

# USA v. Kamara

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2512

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Kamara" (2008). *2008 Decisions.* Paper 27.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/27

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-2512
_____

UNITED STATES OF AMERICA

v.

OUMAR KAMARA,
                                          Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D. C. No. 05-cr-00120)
District Judge:  Honorable Juan R. Sanchez

_____

Argued on December 11, 2008

Before: McKEE, SMITH and ROTH, <u>Circuit Judges</u>

(Opinion filed: December 31, 2008)


David L. McColgin, Esquire
Michael D. Raffaele, Esquire  **(Argued)**
Defender Association of Philadelphia
Federal Court Division
601 Walnut Street
The Curtis Center, Suite 540 West
Philadelphia, PA   19106

*Counsel for Appellant*

Virgil B. Walker, Esquire **(Argued)**
Robert A. Zauzmer, Esquire
Office of the United States Attorney
Suite 1250
615 Chestnut Street
Philadelphia, PA   19106

*Counsel for Appellee*

---

O P I N I O N

---

**ROTH,** <u>Circuit Judge</u>**:**

Oumar Kamara appeals two issues arising from his conviction of preventing his deportation under 8 U.S.C.A. § 1253 (a)(1)(c).  The first issue is whether the District Court erred in precluding Kamara's defense of justification.  The second issue is whether the District Court erred when it refused to reveal the contents of three jury questions to Kamara.  For the reasons discussed below, we will affirm.

## I.  Background and Procedural History

Because the facts are well known to the parties, we will discuss them only briefly.  A jury empaneled in the United States District Court for the Eastern District of Pennsylvania convicted Oumar Kamara of preventing and hampering his departure from the United States.  The District Court then imposed a sentence of twenty-four months'

imprisonment, a term of supervised release of three years, a $2,500 fine, and a special assessment of $100.

Before trial, Kamara indicated his intent to present a justification defense. The government, in response, filed a motion in limine to preclude that defense. The District Court granted the government's motion. At the close of the first day of trial, just before closing arguments, the District Court informed the parties that it had received three questions from the jury. It did not share the contents with either party; instead, it sealed the questions.

## II. **Analysis**

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

Kamara first argues that he presented a *prima facie* showing on justification and was thus entitled to present it to the jury. We will review the District Court's ruling on Kamara's use of the justification defense *de novo*. *See United States v. Alston*, 526 F.3d 91, 93–98 (3d Cir. 2008). We will moreover view the evidence in the light most favorable to Kamara. *United States v. Paolello*, 951 F.2d 537, 542 (3d Cir. 1991).

To present a justification defense to the jury, a defendant must satisfy four requirements: (1) he was under unlawful and present threat of death or serious bodily injury, (2) he did not recklessly place himself in a situation where he could be forced to engage in criminal conduct, (3) he had no reasonable legal alternative (to both the

3

criminal act and the avoidance of the threatened harm), and (4) there is a direct causal relationship between the criminal action and the avoidance of the threatened harm. *Alston*, 526 F.3d at 95; *Paolello*, 951 F.2d at 540.

The District Court found that Kamara may have suffered from the Sierra Leone government in the past, but that he had not adduced sufficient evidence that the political climate in Sierra Leone is still in a condition that he would face imminent harm upon his return. We agree with the District Court that Kamara did not adduce sufficient evidence for prong one. The District Court thus did not err.

Kamara next argues that the District Court's decision to seal the jury questions deprived him of his due process rights and his rights under the Fifth and Sixth Amendments. Three questions are at issue: (1) "Is U.S. Government responsible for the return of your safety to your country?"; (2) "What was he convicted of?"; and (3) "What is a habeas corpus appeal? Regarding NY Supreme Court decision?" The government concedes that the District Court erred. It, however, argues that the error was harmless.

A defendant's constitutional right to be present at every stage of his criminal proceeding is grounded in the Confrontation Clause and the Due Process Clause of the Fifth Amendment. *United States v. Toliver*, 330 F.3d 607, 611 (3d Cir. 2003); *see United States v. Gagnon,* 470 U.S. 522, 526 (1985). The right is also mandated by Federal Rule of Criminal Procedure 43. *Toliver*, 330 F.3d at 611. The harmless-error standard applies to Rule 43 violations; this standard requires that the "government prove beyond a

4

reasonable doubt that the defendant was uninjured by the error." *Id.* at 613. That means that "there must be 'no reasonable possibility' of prejudice for an error to be deemed harmless." *Id.* (quoting *United States v. Alessandrello*, 637 F.2d 131, 139 (3d Cir. 1980)).

Kamara argues that he was harmed when the District Court withheld question one because the jury concluded that he was not a credible witness. But the District Court did instruct the jury, after telling it that it would not answer the three questions, that "[y]ou are the sole judges of the credibility of each witness." We have long "presum[ed] that juries follow the instructions given by district courts." *United States v. Hakim*, 344 F.3d 324, 330 (3d Cir. 2003) (citing *United States v. Newby*, 11 F.3d 1143, 1147 (3d Cir. 1993)). Kamara's credibility was thus not harmed.

Kamara's arguments for questions two and three also fail. His argument for both of these questions is the same: He was harmed because the jury might have researched the answers to these questions on its own and found prejudicial information. But the District Court twice instructed the jury not to consult outside sources. The jury is, of course, presumed to have not strayed from the District Court's mandate. *See Hakim*, 344 F.3d at 330. There was no reasonable possibility of prejudice for Kamara. The government therefore carried its burden to prove beyond a reasonable doubt that Kamara was uninjured by the error.

## III. <u>Conclusion</u>

For the reasons set forth above, we will affirm the judgment of the District Court.

5