**Anthony J. WRIGHT, Petitioner–Appellant,**

v.

**Joseph SMITH, Superintendent, Shawangunk Correctional Facility, Respondent–Appellee.**

No. 07–4004–pr.

United States Court of Appeals, Second Circuit.

Oct. 5, 2009.

Glenn A. Garber, Daniel R. Williams, and Angharad Vaughan, New York, NY, for Petitioner.

Hannah Stith Long, Asst. New York State Attorney General, New York, NY, for Respondent.

Present: PIERRE N. LEVAL, ROSEMARY S. POOLER and B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Anthony Wright appeals from the decision and order, dated August 21, 2007, of the United States District Court for the Northern District of New York (Hurd, *J.* ), which denied Wright's petition, brought pursuant to 28 U.S.C. Section 2254, for the issuance of a writ of habeas corpus. Judge Hurd's decision was based upon the report and recommendation, dated March 16, 2007, of United States Magistrate Judge George H. Lowe, which recom-

mended that Wright's request for relief be denied. *See Wright v. Smith,* 2007 WL 2412248 (N.D.N.Y. Aug.21, 2007). The facts are fully set forth in Magistrate Judge Lowe's comprehensive report and recommendation. We assume the parties' familiarity with the facts of this case, its procedural history, and the issues presented on appeal.

We review the district court's denial of habeas relief *de novo. Hawkins v. Costello,* 460 F.3d 238, 242 (2d Cir.2006).

**A. The Conflict Issue.** Wright's briefs are replete with assertions that Martuscello's prior representation of Hall severely prejudiced him at trial because the prior attorney-client relationship precluded the conduct of an aggressive, or at least an adequate, cross-examination of Hall. Thus, we are told that "Martuscello backed away from attacking his former client," that Martuscello conducted "a lackluster cross-examination," even one that "proved to be catastrophic," presumably because it was "timid, unfocused, and anemic."

In order to demonstrate that he suffered cognizable injury as a result of Martuscello's prior representation of Hill, Wright must show that "some plausible alternative defense strategy or tactic might have been pursued, and that the alternative defense was inherently in conflict with or not undertaken due to the attorney's other loyalties or interests." *U.S. v. Schwarz,* 283 F.3d 76, 92 (2d Cir.2002) (internal quotation marks omitted). Beyond conclusory speculation, Wright utterly fails to do this. Martuscello conducted an effective, uninhibited cross-examination, which elicited the fact of Hill's numerous prior convictions and focused on the benefits he hoped to receive from testifying against Wright. Moreover, Harris's counsel, who was not conflicted, pursued a similar strategy. In sum, the record does not support the contention that counsel failed to represent Wright to the best of his ability because of any prior representation.

**B. The Tainted Juror Issue.** Wright asserts that his right under the Sixth Amendment to be present during all stages of his trial was violated because he was not present at the trial judge's examination of Lamb. We find, however, that Magistrate Judge Lowe's holding that the trial judge's examination of Lamb was the sort of ancillary proceeding at which Wright's presence was not constitutionally required is plainly correct. *See United States v. Gagnon,* 470 U.S. 522, 526, 105 S.Ct. 1482, 84 L.Ed.2d 486 (1985). Wright makes no serious argument to the contrary, but rather asserts that in this specific instance, because of his presence during Lamb's second encounter with his co-defendant's wife, his presence at the examination of Lamb was required because it "would have been particularly useful" if "[h]e could have told his counsel if [Lamb's] recounting of the incident was untruthful, incomplete, or otherwise inaccurate or misleading." However, neither in the trial court nor subsequently has Wright made any demonstration that any aspect of Lamb's recounting of the second encounter with Harris's wife was in any way untruthful or incomplete. Furthermore, Wright forfeited this federal constitutional claim because in state court he raised only a question of New York statutory law, not a federal constitutional claim.