**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TONY M. SMITH | No. 09-16856 |
| Petitioner-Appellant, | D.C. No. 3:06-cv-00087-ECR-VPC |
| v. | |
| E.K. MCDANIEL, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Edward C. Reed, Junior, Senior District Judge

Argued and Submitted September 13, 2011
San Francisco, California

Before: THOMAS and N.R. SMITH, Circuit Judges, and OLIVER, Chief District Judge.**

Nevada state prisoner, Tony M. Smith, appeals the district court's denial of his

28 U.S.C. § 2254 habeas corpus petition challenging his jury conviction of murder,

robbery, burglary, and conspiracy to commit robbery. We review *de novo* the district

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Solomon Oliver, Jr., Chief District Judge for the U.S. District Court for the Northern District of Ohio, Cleveland, sitting by designation.

court's denial of a state prisoner's habeas petition. *Barker v. Fleming*, 423 F.3d 1085, 1091 (9th Cir. 2005). We affirm.

I.

Habeas corpus review of prosecutorial misconduct claims is limited to deciding whether the alleged misconduct violated due process. *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). The Supreme Court has stated that, in order "[t]o constitute a due process violation, the prosecutorial misconduct must be of sufficient significance to result in the denial of the defendant's right to a fair trial." *Greer v. Miller*, 483 U.S. 756, 765 (1987) (internal citation and quotation omitted). At trial, Petitioner sought to demonstrate that the prison had a "turnaround" policy, which allowed prisoners to move from one location to another only at designated times, and the existence of that policy would have prevented him from being in the murder victim's unit at the time of the murder. Petitioner maintains that the prosecutor made misleading statements about the prison's turnaround policy which resulted in the violation of his due process rights. The Nevada Supreme Court's determination that the prosecutor did not make misleading statements about the prison's turnaround policy, and thus did not violate his due process rights, was neither contrary to nor an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. Furthermore, that Court's decision was not based

on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner also maintains that the prosecutor made improper statements regarding the Grand Jury testimony of deceased co-defendant, Richard Irvine, when he stated that Irvine "testified about what these guys [Smith and Rowland] did and didn't do," and that "he testified truthfully, he testified completely." The Nevada Supreme Court's determination that the statements made by the prosecutor, though improper, did not violate Petitioner's due process rights, was neither contrary to nor an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. Furthermore, that Court's decision was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

## II.

Defendant argues that he was denied the effective assistance of trial counsel when his counsel encouraged him to give his own opening statement. To prevail on an ineffective assistance of counsel claim, a petitioner must show: (1) that counsel's performance was professionally unreasonable; and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 688, 694 (1984). The

Nevada Supreme Court's determination that Defendant failed to demonstrate that his counsel's conduct was professionally unreasonable or that it was prejudicial was not contrary to or an unreasonable application of federal law as determined by the Supreme Court of the United States.

Smith's claim that his trial counsel were ineffective in failing to move for a mistrial, after learning that jurors had expressed fear for their safety shortly after arriving at a verdict, is without merit. The Nevada Supreme Court's determination that Petitioner had not shown that his counsel's conduct was prejudicial because he failed to demonstrate that a motion for a mistrial had a reasonable likelihood of success was neither contrary to nor an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States.

### III.

Claims of ineffective assistance of appellate counsel are also reviewed pursuant to the standard in *Strickland*. *See Bailey v. Newland*, 263 F.3d 1022, 1028 (9th Cir. 2001). Smith claims that his counsel were ineffective for failing to raise on direct appeal that his trial counsel was ineffective for not moving for a mistrial after learning that jurors had expressed fear for their safety is without merit for the same reasons stated above regarding the failure of trial counsel to move for a mistrial.

Smith's claim that his appellate counsel were also ineffective for failing to raise as an issue on appeal that the district court improperly engaged in an *ex parte* (but on-the-record) meeting with the jury is also without merit. After the *ex parte* communication between the judge and the jury, the judge disclosed the juror note to both parties and held a hearing in the presence of the attorneys for both parties. Because the *ex parte* communication was not a violation of Smith's constitutional rights, appellate counsel were not required to raise this issue on appeal. *See United States v. Gagnon*, 470 U.S. 522, 526 (1985). Therefore, the Nevada Supreme Court's determination that Petitioner failed to show that the *ex parte* communication by the trial court with the jury was improper and that the issue on appeal had any likelihood of success was neither contrary to nor an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States.

Smith's claim that his appellate counsel were ineffective for failing to raise as an issue on appeal that Smith was not canvassed about the hazards of self-representation by the court, prior to giving his own opening statement, is also without merit. Smith was not acting *pro se*, and he was therefore not entitled to an explanation by the trial court judge of the risks of self-representation. As Smith has not shown a reasonable probability that he would have succeeded on receiving a *Faretta* canvas

had his trial counsel asked for it, his appellate counsel was not ineffective for not appealing this issue. *Faretta v. California*, 422 U.S. 806 (1975).

Accordingly, the Nevada Supreme Court's decision was neither contrary to nor an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States.

## IV.

The Nevada Supreme Court addressed Smith's arguments regarding the issue of cumulative error and denied his claim on that ground, concluding that the issue of innocence or guilt did not appear to be particularly close. Assuming, without deciding, that the doctrine of cumulative error is applicable, we find that the Nevada Supreme Court's decision to reject this claim was neither contrary to nor an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States.

**AFFIRMED.**