**Electronically Filed
Supreme Court
SCPW-12-0000978
04-JAN-2013
10:24 AM**

SCPW-12-0000978

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

MICHAEL C. TIERNEY, Petitioner,

vs.

SHERIFF'S DIVISION, DEPARTMENT OF PUBLIC
SAFETY, STATE OF HAWAIʻI, Respondents.

ORIGINAL PROCEEDING

ORDER DENYING PETITION FOR WRIT OF MANDAMUS
(By: Recktenwald, C.J., Nakayama, Acoba, McKenna, and Pollack, JJ.)

Petitioner Michael C. Tierney submitted a petition for a writ of mandamus, which was filed on November 2, 2012. Petitioner seeks an order directing the sheriffs for the State of Hawaiʻi to transport him to court hearings in Cr. No. 1P108-6561 and Cr. No. 08-1-0869.

Although a criminal defendant generally has a right to be present in the courtroom during proceedings in his or her case, this right is only guaranteed for proceedings that are critical to the outcome if the defendant's presence would contribute to the fairness of the procedure. See Kentucky v. Stincer, 482 U.S. 730, 856 (1987); Snyder v. Massachusetts, 291 U.S. 97, 105-06 (1934), overruled in part on other grounds by Malloy v. Hogan, 378 U.S. 1 (1964) (the right to be present extends to those proceedings at which the defendant's "presence

has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge"). This right does not extend to purely procedural hearings. See United States v. Gagnon, 470 U.S. 522, 526 (1985).

Petitioner fails to demonstrate that he was excluded or will be excluded from any hearing that implicates his right to confront witnesses and/or defend against the charges against him. Moreover, petitioner has not demonstrated that there are hearings pending in Cr. No. 1P108-6561 or Cr. No. 08-1-0869 that implicate his constitutional right to be present. Petitioner, therefore, is not entitled to mandamus relief. See Kema v. Gaddis, 91 Hawai'i 200, 204, 982 P.2d 334, 338 (1999) (A writ of mandamus is an extraordinary remedy that will not issue unless the petitioner demonstrates a clear and indisputable right to relief and a lack of alternative means to redress adequately the alleged wrong or obtain the requested action). Accordingly,

IT IS HEREBY ORDERED that the petition for a writ of mandamus is denied.

DATED: Honolulu, Hawai'i, January 4, 2013.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Simeon R. Acoba, Jr.

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack



2