FILED
United States Court of Appeals
Tenth Circuit

July 10, 2014

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

JAMES ERIC KENNEDY,

      Petitioner - Appellant,

v.

MIKE ADDISON, Warden,

      Respondent - Appellee.

No. 14-5040
(D.C. No. 4:11-CV-00162-TCK-TLW)
(N.D. Okla.)

---

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

---

Before **KELLY**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

---

Petitioner-Appellant James Eric Kennedy, an Oklahoma state inmate

proceeding pro se, seeks a certificate of appealability ("COA") to appeal the

district court's denial of his petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2254.  We deny his request and dismiss the appeal.

Background

Following a jury trial in state court, Mr. Kennedy was found guilty of

sexually abusing a minor in violation of Okla. Stat. tit. 10, § 7115(E).  2R 600.

He was sentenced to life imprisonment.  2R 600.

Mr. Kennedy appealed his conviction under one theory: the trial court erred

by conducting portions of voir dire in chambers in Mr. Kennedy's absence, violating his right to be present at trial. 1R 72, 125. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed the judgment and sentence in a summary opinion, finding that Mr. Kennedy waived his right to be present because he never asserted that right after the judge announced in open court his intention to speak with several jurors—at their request—in chambers. 1R 73; see Kennedy v. Oklahoma, No. F-2009-388 (Okla. Crim. App. June 22, 2010) (unpublished). The OCCA also found that Mr. Kennedy failed to demonstrate specific prejudice caused by his absence. 1R 74. Rather, of the six jurors questioned, three were excused, and of the remaining three, none had personal experience involving child sexual abuse, and only one meeting "approached any issue relevant to this case." 1R 74. Mr. Kennedy did not seek post-conviction relief. 1R 125.

Mr. Kennedy filed a federal habeas petition raising the same claim of error. Kennedy v. Addison, No. 11-CV-162-TCK-TLW, 2014 WL 1342967, at *1 (N.D. Okla. April 3, 2014). The district court denied the petition. Id. at *6. Rather, in applying the required deferential standard, the district court found that the OCCA's decision was not "contrary to, or [did not] involve[] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," nor was it "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. at *2 (quoting 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 412-13

(2000)).

Like the OCCA, the district court found that Mr. Kennedy waived his right to attend the in-chambers voir dire. Id. at *5. Although Mr. Kennedy argued to the district court that he was wearing a shock jacket and was told by a deputy that he was not allowed in chambers, id. at *2-3, nothing in the record supported that Mr. Kennedy was somehow prevented from attending, id. at *5.

The district court also concluded that if Mr. Kennedy's constitutional right was violated, the error was harmless. Id. at *6. Mr. Kennedy was present for the rest of voir dire, his counsel was present during the in-chambers voir dire, and Mr. Kennedy had ample opportunity to confer with his counsel and ask questions or use peremptory strikes as he saw fit. Id. Thus, nothing in the record indicated that the absence affected Mr. Kennedy's ability to defend himself. Id.

The district court also found that an evidentiary hearing was not warranted, as Mr. Kennedy failed to meet his burden showing entitlement. Id. at *2. Mr. Kennedy renews his claim on appeal.

Discussion

In order for this court to grant a COA, Mr. Kennedy must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), such that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the

issues presented were adequate to deserve encouragement to proceed further," Slack v. McDaniel, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted). In addressing this question, we review Mr. Kennedy's pro se filing with special solicitude. See Van Deelen v. Johnson, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007). Because the district court rejected Mr. Kennedy's constitutional claim on the merits, he must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484.

We have carefully reviewed Mr. Kennedy's opening brief and application for a COA, the district court's analysis, and the record. Based on this review, we conclude that Mr. Kennedy fails to make a substantial showing of a denial of a constitutional right and that no reasonable jurist could debate the correctness of the district court's decision. Under the circumstances of this case, Mr. Kennedy waived his right to be present at in-chambers voir dire because he never asserted it. United States v. Gagnon, 470 U.S. 522, 528-29 (1985); see also Bland v. Sirmons, 459 F.3d 999, 1021 (10th Cir. 2006).

We also agree with the district court that an evidentiary hearing is not warranted. 1R 126. Mr. Kennedy did not develop his factual claim about the deputy's use of a shock jacket in state court, 1R 30-52, and he has not

demonstrated entitlement under 28 U.S.C. § 2254(e)(2)(B).[1] See also Cullen v. Pinholster, 131 S. Ct. 1388, 1411 (2011) (Alito, J., concurring). Even assuming the facts Mr. Kennedy claims are true, a defendant's inability to observe individual voir dire in order to possibly challenge a potential juror is not enough to establish a constitutional error, see Bland, 459 F.3d at 1021, much less error that calls into question the jury's finding of guilt.

Accordingly, we DENY a COA and DISMISS the appeal.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

---

[1] 28 U.S.C. § 2254(e)(2)(B) provides:

If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that . . . the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.