JUSTICE McKINNON,
specially concurring.
¶24 I do not agree that an ex parte communication between a judge and jury about what the jury would like for dinner and whether they wished to deliberate into the evening constitutes a critical stage of the proceeding. Instead, I would evaluate Northcutt’s presence claim to determine whether “his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge,” Snyder v. Massachusetts, 291 U.S. 97, 105-06, 54 S. Ct. 330, 332 (1934), without first determining whether the communication occurred during a “critical stage” of the proceeding.
¶25 The Court’s conclusion that a communication between a judge and jury about a housekeeping matter automatically constitutes a critical stage of the proceedings is inherently tied to our decision in Tapson, which deemed any communication between a judge and deliberating jury reversible error. In finding that the communication was a critical stage of the proceedings, our analysis fails — and we have put the proverbial “cart before the horse.” Such an analytical framework necessarily requires a conclusion that Northcutt’s absence during a housekeeping matter rose to a constitutional violation of his right to be present and consequently directs the Court’s inquiry to whether the constitutional violation was prejudicial. See State v. Charlie, 2010 MT 195, 357 Mont. 355, 239 P.3d 934. In my view, absence from a critical stage of the proceeding is intolerable and reversible error. In determining whether there was a violation of Northcutt’s right to be present, the Court’s inquiry must consider not only the stage of the alleged violation but what actually occurred. To the extent our analysis fails to apply such a framework to a right to presence claim, I disagree. ¶26 At any point during a criminal trial the potential exists that some *90 aspect of a trial — such as an ex parte communication — may necessitate presence of the defendant so that his opportunity to defend against the charges may be realized. A defendant’s constitutional right to be present is grounded in the Confrontation Clause of the Sixth Amendment and the Due Process Clause of the Fourteenth Amendment. When considering communications between a trial judge and jury, Sixth Amendment rights are not implicated because there are no witnesses to confront. A criminal defendant does, however, have a due process right “to be present in his own person whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge. ... [T]he presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only.” Snyder, 291 U.S. at 105-08, 54 S. Ct. at 332-33. In concluding that the ex parte communication was a critical stage because the jury was deliberating, Opinion, ¶ 17, the Court strays from this fundamental inquiry and fails to recognize the significance of considering what actually occurred. The Court finds the communication occurred during a critical stage of the proceeding without first determining whether Northcutt’s presence would have a substantial relationship to his opportunity to defend.
¶27 The concept of a “critical stage” of the proceeding is drawn from precedent of the United States Supreme Court construing the Sixth Amendment and a criminal defendant’s right to counsel. The right to the assistance and advice of counsel was first extended from the trial to proceedings outside of the trial in Powell v. Alabama, 287 U.S. 45, 53 S. Ct. 55 (1932), when the Court determined a criminal defendant had the right to counsel at arraignment. By extending the right to counsel beyond trial, the Court recognized that an arraignment was a “critical stage” of the proceeding. Precedent of the Court following Powell further defined the right to counsel by identifying other “critical stages” of the proceeding, such as a pre-trial identification. United States v. Wade, 388 U.S. 218, 87 S. Ct. 1926 (1967). Pursuant to this authority, a violation of the right to counsel during a critical stage of the proceeding requires reversal, regardless of what has transpired. However, while a criminal defendant may not be denied his Sixth Amendment right to counsel at any time during a critical stage of the proceeding — regardless of the record that was created or whether substantial prejudice results from the violation — a criminal defendant has a right to be present only at those critical stages of the proceeding “if his presence would contribute to the fairness of the procedure.” Kentucky v. Stincer, 482 U.S. 730, 745, 107 S. Ct. 2658, 2667 (1987) *91 (emphasis supplied). The distinction may appear to be without a difference; but, nevertheless is necessary in order that the Court not be led to the conclusion that a communication about a housekeeping matter constitutes a critical stage of the proceeding.
¶28 State v. Matt, 2008 MT 444, 347 Mont 530, 199 P.3d 244, was the first instance in which this Court applied a “critical stage” analysis to a right to presence claim. This Court determined that Matt had a right to be present during legal argument on his motion for judgment of acquittal because it was a critical stage of the proceeding. However, as the phrase is used in right to counsel jurisprudence, the trial itself is a critical stage of the proceedings for which a right to counsel attaches. No one would argue that the right to counsel only attached to portions of the trial. Therefore, the issue is not whether a defendant’s absence takes place at a “critical stage” of the trial; rather, the inquiry is whether his presence has “a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge.” Snyder, 291 U.S. at 105-06. Maintaining this distinction between the analysis to be applied to a right to presence claim and a right to counsel claim is significant, and, had we properly maintained this distinction, the Court would not have found error in a judge inquiring whether the jury would like pizza. The distinction ignored by this Court since Matt was recognized by the Supreme Court in Stincer when it refused to apply a critical stage analysis to a right of presence claim based on the Confrontation Clause. “The question whether a particular proceeding is critical to the outcome of a trial is not the proper inquiry in determining whether the Confrontation Clause has been violated. The appropriate question is whether there has been any interference with the defendant’s opportunity for effective cross-examination.” Stincer, 482 U.S. at 744 n.17. The Court further held
The fact that a stage in the proceeding is critical to the outcome of a trial may be relevant to due process concerns. Even in that context, however, the question is not simply whether, Taut for’ the outcome of the proceeding, the defendant would have avoided conviction, but whether the defendant’s presence at the proceeding would have contributed to the defendant's opportunity to defend himself against the charges.
Stincer, 482 U.S. at 744 n.17 (emphasis supplied).
¶29 In Tapson, this Court held that contact between a judge and juror was a critical stage and the defendant’s absence from the communication required reversal. Tapson, ¶ 33. We have struggled in our attempts to apply the Tapson analysis and have distinguished Tapson, in large part, on the absence of any record demonstrating what *92 actually transpired between the trial judge and jury. Since Tapson, we have held that not every ex parte communication between a trial judge and a juror results in a deprivation of a defendant’s constitutional right to be present during his trial. In State v. Riggs, 2005 MT 124, 327 Mont. 196, 113 P.3d 281, the court met with counsel and a juror outside of the defendant’s presence. The juror was concerned, after the fifth day of trial, he might have to forfeit a flight scheduled to depart the next day. Riggs, ¶ 45. In concluding that Riggs was not denied his right to be present during a critical stage of the proceeding, we relied on United States v. Gagnon, 470 U.S. 522, 105 S. Ct. 1482 (1985), where the United States Supreme Court ruled that a defendant’s due process rights were not violated when the court met with a juror and counsel in chambers, without Gagnon, to address the juror’s concerns that one of the defendant’s was sketching the jury. The Court in Gagnon stated:
The mere occurrence of an ex parte conversation between a trial judge and a juror does not constitute a deprivation of any constitutional right. The defense has no constitutional right to be present at every interaction between a judge and a juror....
Gagnon, 470 U.S. at 526, 105 S. Ct. at 1484 (brackets omitted).
¶30 Our inquiry in evaluating presence claims must be whether the defendant’s “presence bears, or may fairly be assumed to bear, a relation, reasonably substantial, to his opportunity to defend.” State v. Schenk, 151 Mont. 493, 499, 444 P.2d 861, 864 (1968) (quoting Snyder, 291 U.S. at 107, 54 S. Ct. at 332) (ellipsis omitted). “Nowhere in the decisions of this court is there a dictum, and still less a ruling, that the Fourteenth Amendment assures the privilege of presence when presence would be useless, or the benefit but a shadow.” Schenk, 151 Mont. at 499, 444 P.2d at 864 (quoting Snyder, 291 U.S. at 107, 54 S. Ct. at 332). The substance of what is involved must also be considered. Certain events, because of the nature of what occurs, maybe viewed as interruptions in the stages of the trial. Periods when the court attends to housekeeping or administrative matters or addresses with counsel procedures for the introduction of exhibits and evidence normally would not be considered “critical stages” or even a “stage” of the prosecution.
¶31 I agree with the Court that the communication here “undisputedly concerned an administrative matter.” Opinion, ¶ 22. However, it is precisely for this reason that I disagree with the Court that it was a critical stage of the proceeding. If the matter is administrative it cannot have a relation, reasonably substantial, to Northcutt’s opportunity to defend. It is fundamentally inconsistent to find that an *93 administrative matter is a critical stage of the proceeding. Communication between a judge and jury about dinner arrangements is unrelated in any way to the case being decided. I therefore would conclude that Northcutt did not have a right to be present and that there was no constitutional violation necessitating harmless or structural error review. To the extent Tapson holds otherwise, I would reverse Tapson.
¶32 As a final note, while Northcutt has a right to a public trial pursuant to Waller v. Georgia, 467 U.S. 39, 104 S. Ct. 2210 (1984), we have not previously had the occasion to define the right in the context of a proceeding where the issue is reasonably in dispute. Waller involved the defendant’s request that the hearing on his motion to suppress remain open even though the trial court had closed the hearing consistent with state law and the government’s effort to maintain confidentiality of unindicted defendants. Waller, 467 U.S. at 42, 104 S. Ct. at 2213. We have yet to address such a situation in this State, and it is unclear how Northcutt can assert a violation of his right to a public trial by his being excluded — as compared to the public being excluded — from the ex parte communication at issue here. At any rate, I would refrain from first considering the issue in a proceeding where the claimed violation is the failure to allow the public to be present outside of the jury room while the jury is deliberating. I certainly would refrain from assigning structural error to a violation of that right, Opinion ¶ 8, until a more appropriate case is before us. I also cannot agree with the Court’s consolidating the right to presence and the right to a public trial into one analysis. It seems to me that the rights may involve different considerations and analysis, which have not been ftdly developed by the parties or the Court.
¶33 For the foregoing reasons, I agree that Northcutt did not suffer a constitutional violation of his right to be present when the judge inquired of the jury regarding dinner arrangements. I do not subscribe to the Court’s analysis and its determination that a housekeeping matter constitutes a critical stage of the proceeding. Finally, I would not evaluate Northcutt’s right to public trial claim, except to indicate that the right does not extend to allowing members of the public to be present outside the jury room when the jury is deliberating.
JUSTICE RICE joins the special concurrence.