OPINION
COWEN, Circuit Judge.
Following a jury trial, Appellant, Eric Holmes, was convicted in the District Court for the District of Delaware of being a felon in possession of a firearm. On appeal, Holmes argues that his conviction should be reversed because the District Court violated his Fifth and Sixth Amendment rights by responding to a note from the jury without notifying him or his counsel. Because we find the District Court’s error to be harmless, we will affirm.
I.
Holmes was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He was tried by a jury and found guilty of the offense. While the jury was deliberating, it sent a note to the trial judge asking if it could be allowed to see (1) a photograph; (2) the firearm; and (3) an affidavit written by Leslie Inge, who was present when Holmes was arrested. The District Court *152 did not inform counsel of the note, nor did it enter the note into the record. The District Court permitted the jury to see the photograph and the firearm, but refused to send the Inge affidavit in to the jury.
Following the jury’s verdict, the parties had a discussion on the record regarding the note from the jury. Defense counsel expressed his disagreement with the District Court’s decision not to send the requested affidavit to the jury. The District Court then made a record of the steps it had taken regarding the jury note. The District Court stated that it had sent the jury the photograph and the firearm because they had been admitted into evidence during the trial, but not the affidavit because it was not in evidence. The District Court explained that it had explicitly ruled during trial that the affidavit was not admissible evidence.[1]
Holmes was subsequently sentenced to a term of 60 months imprisonment. He filed a timely notice of appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291.
II.
Rule 43 of the Federal Rules of Criminal Procedure requires a defendant to be present at “every trial stage, including jury impanelment and the return of the verdict.” Fed.R.Crim.P. 43(a)(2). A defendant’s right to be present is “grounded in the Confrontation Clause of the Sixth Amendment and the Due Process Clause of the Fifth Amendment.” United States v. Toliver, 330 F.3d 607, 611 (3d Cir.2003) (citing United States v. Gagnon, 470 U.S. 522, 526, 105 S.Ct. 1482, 84 L.Ed.2d 486 (1985)). The Supreme Court has made it clear that communications between the jury and the trial judge are a “trial stage” which requires the defendant’s presence. See Rogers v. United States, 422 U.S. 35, 39, 95 S.Ct. 2091, 45 L.Ed.2d 1 (1975). Thus, it is well established that a “jury’s message [must be] answered in open court and ... [defense] counsel [must be] given an opportunity to be heard before the trial judge respond[s].” Id.
There is no question that the District Court violated Rule 43 in this case by failing to notify Holmes’s counsel of the jury’s request to see the physical evidence. This acknowledgment of error, however, does not mandate reversal of Holmes’s conviction because we review a violation of a defendant’s right to be present under the harmless error standard. Toliver, 330 F.3d at 613. Because a defendant’s right to be present implicates the constitutional protections on which Rule 43 is founded, “the Government must prove beyond a reasonable doubt that the defendant was uninjured by the error.” Id. In other words, in order for an error to be deemed harmless, “there must be no reasonable possibility of prejudice.” Id. (citations and internal quotation marks omitted).
Holmes argues that by not being notified of the jury’s request for the affidavit, he lost the opportunity to convince the court that some other response would have been more appropriate. See Toliver, 330 F.3d at 617 (citations omitted). He submits that had his counsel been notified, he would have argued again for the affidavit’s admissibility. He asserts that had the court considered the arguments again, it is possible that it would have changed its *153 ruling and admitted the affidavit into evidence.
The propriety of the District Court’s evidentiary ruling on the admissibility of the Inge affidavit is not an issue on appeal. We can only assess whether there is a possibility that the communication influenced the jury in reaching its verdict. See Rogers, 422 U.S. at 40, 95 S.Ct. 2091. We conclude that there is no reasonable possibility that Holmes was prejudiced by the District Court’s failure to confer with counsel prior to responding to the jury’s communication. The jury asked if it could review the Inge affidavit and the District Court simply denied the request. The District Court had previously ruled that the affidavit was inadmissible. Defense counsel was present and argued against that ruling. The District Court’s denial of the jury’s request was nothing more than an extension of its prior ruling and did not cause any prejudice to the defendant. No substantive response was made, see United States v. Harris, 9 F.3d 493, 499 (6th Cir.1993), nor were the jurors given any affirmative guidance on how they should fulfill their decisionmaking function, see Toliver, 330 F.3d at 614. Thus, even though the District Court’s decision to respond to the jury’s request without notifying counsel was error, that error was harmless beyond a reasonable doubt.
III.
For the reasons set forth above, we will affirm the District Court’s judgment of conviction.

. During the trial, defense counsel sought to have Ms. Inge's affidavit admitted into evidence. Defense counsel was attempting to persuade the jury that the firearm belonged to Ms. Inge rather than the defendant. The Government objected to the affidavit's admission on hearsay grounds and the District Court sustained the objection. Defense counsel was permitted, however, to cross examine Ms. Inge as to the statements made in the affidavit.