07-0256-cr
USA v. Lorenzana

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of June, two thousand ten.

Present:
> ROBERT D. SACK,
> ROBERT A. KATZMANN,
> PAUL J. KELLY, JR.,[*]
> > *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                        No. 07-0256-cr

VICTOR LORENZANA,

> *Defendant-Appellant*.

_____

For Defendant-Appellant:     ROBIN C. SMITH, Brooklyn, NY

For Appellee:                JOSHUA A. GOLDBERG, Assistant United States Attorney (Celeste L. Koeleveld, Shane T. Stansbury, Assistant United States Attorneys, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY

_____

[*] The Honorable Paul J. Kelly, Jr., of the United States Court of Appeals for the Tenth Circuit, sitting by designation.

Appeal from the United States District Court for the Southern District of New York (Keenan, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Defendant Victor Lorenzana appeals from a judgment of conviction entered January 23, 2007 (Keenan, *J.*), following a jury trial, convicting him of conspiring to commit armed robbery and attempted armed robbery of persons engaged in narcotics trafficking; committing Hobbs Act robbery; using, carrying and possessing a firearm during and in relation to a crime of violence or drug trafficking crime; conspiring to distribute and possess with intent to distribute five kilograms and more of cocaine and one kilogram and more of heroin; and money laundering. Lorenzana was sentenced to 87 years' imprisonment, five years' supervised release, and a $900 special assessment. We assume the parties' familiarity with the facts and procedural history of this case.

On appeal, Lorenzana first argues that he was deprived of his right to be present at all material parts of his trial when he was not personally included (although his attorney was present) in sidebars during *voir dire* and during the district judge's *in camera* questioning of a juror before deliberation. Even assuming that the sidebars and *in camera* questioning were material parts of his trial, Lorenzana and his lawyer failed to object to his exclusion and therefore waived any right he had to be present at those parts of his trial. *See United States v. Gagnon*, 470 U.S. 522, 529 (1985) ("If a defendant is entitled under Rule 43 to attend certain 'stages of the trial' which do not take place in open court, the defendant or his counsel must assert that right at the time; they may not claim it for the first time on appeal."); *United States v. Peterson*, 385 F.3d 127, 138-39 (2d Cir. 2004). Lorenzana further contends that his counsel was

ineffective in failing to apprise him of what happened during the sidebars and *in camera* questioning, and that the district court should have held a hearing on this claim of ineffective assistance. The district court determined that no hearing was necessary, however, based on an affidavit of Lorenzana's trial counsel, the implausibility of Lorenzana's assertion, and its finding that Lorenzana was not credible. We conclude that the district court did not abuse its discretion in so determining. *See United States v. Sasso*, 59 F.3d 341, 350 (2d Cir. 1995) ("We will not reverse the . . . refusal to conduct an evidentiary hearing absent an abuse of discretion.").

Lorenzana next argues that the jury instructions regarding the interstate commerce element of the Hobbs Act robbery counts were improper under *United States v. Parkes*, 497 F.3d 220 (2d Cir. 2007), because the instructions removed that element from the jury's consideration. We agree. In *United States v. Gomez*, 580 F.3d 94, 98, 100 (2d Cir. 2009), we held that an almost identical instruction was in error. This error, however, is subject to harmless error analysis. We "consider the weight of trial evidence bearing on the omitted element; and if such evidence is overwhelming and essentially uncontroverted, there is no basis for concluding that the error seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." *Id*. at 100-01 (quoting *United States v. Guevara*, 298 F.3d 124, 126-27 (2d Cir. 2002)). To sustain Lorenzana's conviction, we must determine that the jury would have returned the same verdict beyond a reasonable doubt. *See id*. at 101.

We conclude that the error here was harmless. Under the Hobbs Act, only "a very slight effect on interstate commerce" need be shown. *United States v. Wilkerson*, 361 F.3d 717, 726 (2d Cir. 2004) (internal quotation marks omitted). Here, the government introduced evidence that the victims of one of the robberies sold drugs in Connecticut, New Jersey, and Maryland,

and that Lorenzana and his crew used the proceeds of the drug robberies to travel out of state. Moreover, the targeted drug dealers trafficked in cocaine and heroin, drugs that cannot be produced in New York. *See Gomez*, 580 F.3d at 101-02. Accordingly, we conclude the jury would have returned the same verdict beyond a reasonable doubt.

We have reviewed Lorenzana's remaining arguments and conclude that they lack merit. Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK