**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANH VU NGUYEN, | No. 10-35227 |
| Petitioner - Appellant, | D.C. No. 2:08-cv-01580-RSL |
| v. | |
| TIMOTHY WINGLER, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, Chief District Judge, Presiding

Argued and Submitted June 8, 2011
Seattle, Washington

Before: REINHARDT, W. FLETCHER, and RAWLINSON, Circuit Judges.

Appellant Anh Vu Nguyen (Nguyen) challenges the district court's denial of

his habeas petition.  Nguyen contends that his constitutional rights were violated

when he was excluded from an in-chambers conference discussing a possible

conflict of interest between his attorney and a potential state witness.  Nguyen also

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

argues that he was denied due process, a fair trial, and the right to present evidence, when the trial court did not allow him to call a toxicologist to testify that the victim was under the influence of drugs and to establish his self-defense claim. In addition, Nguyen asserts that the trial court erred by not giving a self-defense instruction. Nguyen further advances an ineffective assistance of counsel claim based on his attorney's failure to propose Washington Pattern Instruction, Criminal (WPIC) 19.01, which describes defenses to felony murder. Finally, Nguyen argues that the cumulation of errors warrants relief.

1.     The Washington Court of Appeals' determination that no Sixth Amendment violation occurred when Nguyen was excluded from an in-chambers conference was not contrary to, or an unreasonable application of, clearly established federal law. Because the conference was not a critical stage of the proceedings and because no actual conflict of interest existed, Nguyen's absence did not violate his constitutional rights. *See United States v. Gagnon,* 470 U.S. 522, 526 (1985); *see also Houston v. Schomig*, 637 F.3d 976, 978 (9th Cir. 2011).

2.     The Washington Court of Appeals' conclusion that no due process violation occurred when the testimony from a toxicologist was excluded was not contrary to,

2

or an unreasonable application of, federal law. *See Holmes v. South Carolina*, 547 U.S. 319, 326-27 (2006) (permitting judges to exclude "marginally relevant" evidence).

3.      The Washington Court of Appeals' ruling that omission of the self-defense instruction was harmless error was consistent with *Brecht v. Abrahamson*, 507 U.S. 619 (1993). Self-defense would apply only to the assault predicate of the burglary charge, and the defendants were also convicted of kidnapping in the first and second degree. As only one predicate offense was necessary to support the felony murder conviction, omission of the self-defense instruction had no "substantial and injurious effect or influence in determining the jury's verdict." *Id.* at 622.

4.      The Washington State Court of Appeals' ruling on the ineffective assistance of counsel claim was not contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668, 690 (1984) (noting that the "identified acts [must be] outside the wide range of professionally competent assistance"). The state court correctly determined that there was no evidence presented at trial that would have supported the giving of the WPIC 19.01 instruction. Nguyen's counsel did not provide ineffective assistance by failing to propose it. *See Gonzalez v. Knowles*,

3

515 F.3d 1006, 1017 (9th Cir. 2008) ("[C]ounsel cannot be deemed ineffective for failing to raise [a] meritless claim.") (citation omitted).

**5.**     The Washington State Court of Appeals' determination that no relief was available due to cumulative error was not contrary to, or an unreasonable application of, Supreme Court precedent.  Where there was only one harmless error, as in this case, there was no error to cumulate, and the cumulative error doctrine did not apply.  *See United States v. Sager*, 227 F.3d 1138, 1149 (9th Cir. 2000).

**AFFIRMED.**