**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRADLEY MARSHALL PETERS, | No. 15-35994 |
| Petitioner-Appellant, | D.C. No. 2:12-cv-01475-RSL |
| v. | |
| PATRICK GLEBE, Superintendent, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Argued and Submitted April 4, 2017
Seattle, Washington

Before:  KOZINSKI and W. FLETCHER, Circuit Judges, and TUNHEIM,** Chief
District Judge.

Bradley Peters appeals the district court's denial of his 28 U.S.C. § 2254

petition for a writ of habeas corpus.  We have jurisdiction under 28 U.S.C. §§ 1291

and 2253, and we affirm.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable John R. Tunheim, Chief United States District Judge
for the District of Minnesota, sitting by designation.

We review de novo a district court's denial of a petition for a writ of habeas corpus. *Lambert v. Blodgett*, 393 F.3d 943, 964 (9th Cir. 2004). We review for abuse of discretion a district court's denial of a request for an evidentiary hearing. *Wood v. Ryan*, 693 F.3d 1104, 1112 (9th Cir. 2012).

First, Peters contends that admission at trial of a videotaped deposition violated his confrontation rights and that his absence from the deposition violated his right to be present at a critical stage of the trial. A defendant may waive his right to confrontation by failing "to object to the offending evidence," *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 313 n.3 (2009), and waiver may generally be accomplished by either the criminal defendant or by counsel, *see Wilson v. Gray*, 345 F.2d 282, 286 (9th Cir. 1965) ("It has been consistently held that the accused may waive his right to cross examination and confrontation and that the waiver of this right may be accomplished by the accused's counsel as a matter of trial tactics or strategy."). The Washington Court of Appeals' determination that Peters waived his confrontation rights by voluntarily failing to attend the deposition and failing to object to the deposition's admission at trial was neither contrary to, nor an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d)(1). Peters also waived his right to be present at the deposition. *See United States v. Gagnon*, 470 U.S. 522, 527-28 (1985).

Second, Peters claims that his counsel was ineffective for failing to invite him to attend the deposition. To prove ineffective assistance of counsel, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). Even assuming defense counsel's representation was deficient, Peters has not shown prejudice sufficient to establish a *Strickland* violation.

Third, Peters contends that the State violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose the disciplinary record of one of the key detectives on his case. The Washington Supreme Court reasonably determined that Peters could not show the prejudice necessary to establish a *Brady* violation because the detective's disciplinary issues were unrelated to Peters' case and would have had only limited impeachment value.

Finally, the district court did not abuse its discretion in declining to hold an evidentiary hearing. *See Cullen v. Pinholster*, 563 U.S. 170, 183 (2011) (explaining that "a district court is not required to hold an evidentiary hearing" when "the state-court record precludes habeas relief under the limitations of § 2254(d)" (internal quotation marks omitted)).

**AFFIRMED.**